S. Samuel Di Falco, S.
This is an appeal by the executors from the pro forma order of July 8, 1958 fixing the estate tax on the appraiser’s report. The ground of the appeal is that the appraiser erred in his refusal to allow a full marital deduction authorized by the provisions of section 249-s of the Tax Law.
Decedent died on May 25,1953 and her will was duly admitted to probate in this court. In the New York estate tax proceeding the appraiser valued the assets at $568,032.13 higher than the valuation fixed in the Federal Estate Tax proceeding. The appeal raises no question in respect of the higher valuation. The appraiser limited the marital deduction to the amount allowed in the Federal Estate Tax proceeding on the theory that the decedent gave her surviving husband a specific dollar legacy measured by the use of the formula prescribed in the will.
The will was executed on May 19, 1950 before the State of New York enacted the marital deduction statute (Tax Law, § 249-s, as amd. by eh. 585, L. 1950, eft. Oct. 1, 1950) which was patterned after the Federal statute. The pertinent provisions of paragraph seventh of the will disposing of the residuary estate gives to the surviving spouse: “that part of my Residuary Estate which shall be the amount by which: (1) the value of one-half of my adjusted gross estate (as finally determined whether as the result of acquiescence, compromise or litigation) as defined in Section 812 (e) (2) of the Internal Revenue Code, or the equivalent-section in force at my death; * * * it being my intention that my estate shall have the benefit of the maximum marital deduction allowance for Federal Estate Tax purposes.”
The foregoing gift of a “part” of the residuary estate is clearly a gift of a fractional interest to be determined in accordance with the formula prescribed. The word “ part ” is defined in the dictionary as a piece, fragment, fraction or section. Once ascertained, it is that fraction of the estate assets which the surviving spouse receives on distribution of the estate. He participates in any increase or decrease in the value of the assets which occurs during the period of administration in *328 accordance with his fractional interest (Matter of Bush, 2 A D 2d 526, affd. 3 N Y 2d 908). In the Bush case the will provided fór a gift to the surviving husband of “ such sum ” as would equal the marital deduction as defined in the Federal Internal Revenue Act (italics mine). The same argument now being made by the attorney for the State Tax Commission that .the surviving spouse was entitled to receive only a legacy in a specific amount was made in the Bush case and was rejected by the court, and the surviving spouse was permitted to participate in the increase in the value of. the assets during administration in accordance with his fractional interest in the estate.
The court holds that pursuant to the provisions of section 249-s of the Tax Law, the estate is entitled to a full marital deduction on the fractional interest of the surviving spouse in the assets as valued by the New York Estate Tax Appraiser. The appeal is sustained. Submit order on notice fixing the tax accordingly.