John D. Bennett, S.
This is an accounting proceeding in which certain objections have been filed. On the argument before this court on December 7, 1960, counsel submitted two items to this court for decision, indicating that other objections were being cleared up by counsel and eliminated.
The first question involves a personal claim by the husband of the decedent for $1,926 advanced by him for medical expenses of the decedent. Objection to this is interposed by the.special guardian and denominated by him as purely technical. The *633 husband has submitted an affidavit showing that he and his wife had independent properties and that for many years it was their custom to reimburse each other for extraordinary expenses paid by one in behalf of the other, such as medical expenses and taxes. The special guardian does not invoke the provisions of section 347 of the Civil Practice Act to exclude such testimony, and does not question the facts stated, nor does he make any reflection on the integrity of this affiant. He also points out that this claimant has not taken the $1,000 exemption under section 200 of the Surrogate’s Court Act, nor has he taken commissions as executor, to both of which items he is clearly entitled. This court, therefore, allows the claim of the executor in the amount of $1,926 as set forth in the account.
The second and more serious objection raised both by the trustee and the special guardian, is to a provision of the account which shares the increase in the valuation of securities between the husband and the trust for the children. This appreciation amounts to $16,508.73 which, added to the husband’s marital bequest fixed at $68,114.33 in the Federal Estate Tax, gives- him an approximate distribution of $84,623.06.
The will gives to the husband “ one half of the value of my adjusted gross estate as finally determined for Federal Estate Tax. purposes * * *. It is my intention to obtain the maximum marital deduction allowable * * * and the provisions of this my Will shall be construed so as to give full effect to my said intention ”. The rest, residue and remainder of the estate, “ less all estate and inheritance taxes as hereinafter provided ”, is given in trust for the children.
There are two distinct types of marital deduction formulas popularly employed in drafting wills. As stated in Revenue Ruling 60-87, Mertens Law of Federal Income Taxation,
“ [A] marital deduction trust of a pecuniary formula type provides for a trust fund in a fixed and definite amount, once the value of the adjusted gross estate is finally determined, which amount is unaffected by any appreciation or depreciation in value of the assets comprising the estate.
“ The difference is that under a pecuniary formula clause the trust wiE receive assets of a fixed and definite amount at the time of distribution, whereas under the residuary formula clause the percentage or fraction will be applied for the purpose of distribution of the residuary estate as constituted at the time of distribution. Therefore, under a residuary formula clause, the trust will share in appreciation and depreciation of the value of the estate, which is not the case under a pecuniary formula clause.”
*634 J. K. Lasser’s Estate Tax Techniques, pages 108-110, discusses the “ Effect of Using ‘ Amount ’ ” (pecuniary) and the “Effect of Using 1 Fraction ’ ” (percentage) and in the supplement pages states: ‘ ‘ There are indications that local probate courts may construe a formula clause as in fact creating a fractional interest in the surviving spouse. Estate of Jephson, N. Y. L. J. 11/13/56 (Surr. N. Y. City); Estate of Bush, 2 App. Div. 2d 526 (4th Dept. 1956).”
Members of the Bench and Bar, especially those connected with the Surrogate’s Courts, have long been aware of the severe depletion of large estates by payment of estate taxes. Estate planning has been used to legally reduce such losses and much attention has been given to the problem of securing the greatest possible tax-free marital deduction for the surviving spouse. This is far from simple, and various formulas have been derived for that purpose, none of which are completely satisfactory. The courts' should recognize, in construing wills with such formulae clauses, that the intent of the testator may well have been generally to assure such maximum marital deduction for the spouse, without necessarily intending the exact legal and literal meaning of an “ amount ” or a “ percentage ” clause.
The problem before this court is to determine whether the gift to the husband of one half of the value of the gross estate was intended as an amount bequest or a percentage bequest. Beading the will as a whole the court has the express direction to construe it to obtain the maximum marital deduction for the spouse and the gift of the residue reduced by the inheritance taxes. "While Matter of Bush (2 A D 2d 526) deals with a will containing provisions absent in the present case, the following principles therein enumerated (p. 528) seem equally applicable to the present situation. “ It is plain that the testatrix realized and intended that the trust fund would be less than the total given to the husband. She did not intend that, by using values as of some uncertain date of distribution, the trust fund would exceed what she had provided for her husband. Moreover, it would be unjust and inequitable to make a distribution in kind which would result in the son’s trust fund obtaining all the benefits of the increased values of the securities.”
In the present case the provision for taxes to be paid from the residue indicates to this court an intention on the part of the testatrix that the trust should not exceed the total given to the husband. Here also, the giving of all the benefits of increased values to the trust would be unjust and inequitable. The testatrix has directed this court to construe the will to give her husband the maximum marital - deduction allowable. *635 Undoubtedly she was referring to the amoun _ er husband would ultimately receive under the will rather than designating a mathematical formula and wanted her husband to receive the maximum amount possible. By construing the words ‘1 one-half of the value of my adjusted gross estate ” to mean a one-half part or percentage rather than an amount or pecuniary bequest, the court can accomplish this purpose. The court, therefore, construes the will to give the husband a fractional interest in the estate, obtaining for him the benefit of the increased value of the assets.
The objections of the trustee and special guardian to the account in this particular are overruled and disallowed, and the account apportioning the increase of value of the assets between the husband’s share and the trust for the sons is approved and allowed.
The provisions of this decision may be incorporated in the decree settling the account herein, or in a separate order settled on five days’ notice, with three additional days if service is made by mail, as counsel may desire.