Harry G. Herman, S.
In this proceeding for a construction, the coexecutor asks the court to determine the validity, construction, and effect of dispositions of property made in articles *689 ‘ ‘ third ’ ’ and 1 ‘ fourth ’ ’ of the decedent’s will. Article 11 third ’ ’ reads as follows: “I devise and bequeath to my wife, helen h. Kennedy, if she survives me, an amount equal to the maximum amount of the marital deduction allowable to my estate for Federal estate tax purposes, less the total value, as finally determined for such tax purposes, of the following (but only to the extent that the following are allowable to my estate as a marital deduction for such tax purposes): (a) the bequest and devise to my said wife under Article 1 first ’ of this Will and (b) all interests in property, if any, including life insurance, which pass or have passed from me to her otherwise than pursuant to this Will and which constitutes a part of my gross estate for such tax purposes. This devise and bequest shall not be satisfied by the payment, transfer or delivery of any particular asset or assets with respect to which no 1 marital deduction ’ shall be allowable.”
Article “fourth” creates a residuary trust — the principal eventually to the testator’s issue.
The executors elected, as they may do under subdivision (g) of section 642 of the Internal Revenue Code, to use certain administration expenses, some $68,000, as deductions on the fiduciary income tax returns instead of the estate tax return. The Internal Revenue Service, on auditing the executors’ return, fixed the adjusted gross estate but reduced the marital deduction by the amount of these administration expenses. The petitioner asks the court to determine, first, whether the marital deduction bequest made by article “ third ” should be fixed with reference to the adjusted gross estate as initially determined by the Internal Revenue Service or the adjusted gross estate as reduced by the administration expenses, and, second, whether the administration expenses are to be paid in whole or in part from the bequest under article “ third ” or from the residuary trust under article “ fourth ”.
The testator created in article ‘ ‘ third ’ ’ a general legacy whose nature was not changed because he used a formula instead of a fixed amount. And it is well established that such legacies are not charged with expenses of the estate unless the residuary is wholly exhausted (Matter of Lorberbaum, 35 Misc 2d 647; Matter of Reben, 115 N. Y. S. 2d 228).
The testamentary plan and the obvious intent of the testator was to give to his widow the maximum amount which could be claimed as a marital deduction, undiminished by the expenses of the estate. The executors have tried to make a permissible tax saving for the widow and the estate by waiving deductions *690 on the estate tax. By doing so they have followed the testamentary direction and have secured for the widow the maximum “ allowable ”, as the testator specified. Even apart from the testator’s desire to benefit his widow to the maximum, however, the executors have no duty under the Internal Revenue Code to claim the deductions on the estate tax.
Although he did not refer to definitions in the Internal Revenue Code, the testator plainly intended by the words of article “third” that the code’s formula should govern the amount bequeathed to the widow. Under subdivision (c) of section 2056 of the code, the maximum marital deduction is one half of the adjusted gross estate. The Internal Revenue Service has already fixed the adjusted gross estate of the decedent. Since the code does not require the administration expenses here in issue to be deducted from the adjusted gross estate in order to fix the maximum allowable marital deduction, the adjusted gross estate as determined by the Internal Revenue Service should be the basis on which the widow’s marital deduction bequest is measured (Matter of McTarnahan, 27 Misc 2d 13; Matter of Inman, 22 Misc 2d 573).
This waiver of deductions by the executors necessarily burdens the residuary and the special guardian, for those benefiting under the residuary, in an excellent report, has shown commendable frankness in acknowledging that the law applicable to construction and the result on the question here are clear. He is in accord that the requirements in the ■ will' were met by the actions of the executors. The court notes, however, the rule stated in Matter of Warms (140 N. Y. S. 2d 169), that tax benefits secured for the income beneficiary should not prejudice the rights of remaindermen and that, accordingly, the corpus of the residuary should be credited with the tax saving*. This rule is not relevant to the instant proceeding.
In light of these considerations, the court construes decedent’s will by determining, first, that the amount distributable to Helen H. Kennedy, the widow, under article “ third ” be fixed with reference to the adjusted gross estate as determined by the Internal Revenue Service, undiminished by the administration expenses, and second, that the administration expenses be paid wholly from the principal of the residuary trust created under article “ fourth ” and not from the bequest to Helen H. Kennedy made under article “third”.