Harry G. Herman, S.
The petition of the executors in this accounting proceeding sets forth the individual claim of one of the executors upon an alleged indebtedness of the decedent. That claim, having been satisfactorily established, is allowed in the amount requested.
The testator died on January 6, 1958. His last will and testament, dated February 20,1952, was admitted to probate on January 27,1958. Article “ fifth ” of the will provides:
‘1 fifth : I give and bequeath:
“ (a) Unto my beloved son, salvatore schimenti, if he shall survive me, one-half (%) of the stock that I shall own at the time of my decease in the depot construction corporation ’
Depot Construction Corporation, which was organized in 1948 with an authorized capital of 100 shares of common stock, issued only 40 shares, which were owned and held by the decedent in his own name. In February, 1949, he transferred those 40 shares to a new corporation, known as L & Gr Holding Company, Ltd., all of whose authorized stock was issued to the decedent and held by him until his death, and which had no assets other than the stock of Depot Construction Corporation.
After the decedent’s death L & Gr Holding Company, Ltd., was merged into Depot Construction Corporation, which was recapitalized as follows: the 40 shares of Depot were surrendered by the executors herein, who received in return 100 shares of common stock and 3,500 shares of preferred stock. One half of the shares of each of these classes of stock was distributed by the executors to Salvatore Gr. Schimenti (who is also one of the executors) pursuant to the article “ fifth ” (a) bequest. The special guardian objects to such distribution.
The position of the special guardian is without merit. There was no ademption of the legacy. In the case of securities which have been subjected to substitution because of reorganization, there is no change in the nature of the property specifically bequeathed. Here there was a change in name and form only, and not in substance (Matter of Startup, 207 Misc. 310; Matter *985 of Arnessen, 91 N. Y. S. 2d 386; Matter of Kingsley, 67 N. Y. S. 2d 464).
The special guardian also raises a question with regard to article “ sixth ” of the will, which created a marital trust of “ one-half (%) of my gross estate of which I shall die seized or possessed or over which I shall have the power of appointment or to which I may be equitably entitled at the time of my decease * * * In the event that one-half (%) of my gross estate hereinbefore referred to, together with any life insurance policies or other assets payable to my beloved wife outside of the provisions of this Will but which are or may be allowable as marital deductions under any existing laws or under any future laws, shall exceed the maximum marital deduction allowable to my estate at the time of my decease, I direct that the portion of my gross estate referred to in this paragraph sixth of my Will shall be reduced to the extent of such excess and that my residuary estate, referred to in paragraph seventh of this Will, shall be increased correspondingly, it being my desire and intention to obtain for my estate the maximum marital deduction and to place into my residuary estate all of my property and assets in excess thereof.”
The executors assert that the decedent intended to create a trust, the corpus of which would be a fractional portion of his estate. The special guardian’s position is that the decedent intended to create a marital deduction trust in a fixed dollar amount.
Under a pecuniary formula 1 ‘ marital deduction trust”, the surviving spouse receives a fixed amount based on the value of the adjusted gross estate, unaffected by any appreciation or depreciation in the value of the assets comprising the estate, whereas under a percentage or fraction ‘1 marital deduction trust ” the formula used is applied to the residuary estate as valued at the time of distribution, so that the surviving spouse shares in appreciation or depreciation of the estate (Matter of Ossman, 27 Misc 2d 633; Matter of Bing, 23 Misc 2d 326).
The language of article “ sixth ” of the will indicates it was the intention of the testator that the trust for his wife receive only that amount which would be the maximum marital deduction allowable. Thus, if one half of the testimentary estate plus gifts to the wife passing outside the will exceeded the maximum marital deduction allowable, the amount of the “ marital deduction trust ’ ’ was to be reduced 1 ‘ to the extent of such excess ’ ’ and the residuary estate increased correspondingly.
The “ marital deduction trusts ” construed as having corpora of fixed dollar amounts in Matter of Gauff (27 Misc 2d 407, *986 408) and Matter of Gilmour (18 A D 2d 154, 156) contained formulas referring to “ a sum equal to fifty (50%) per cent” and “ an amount equal to the difference between ” respectively (emphasis supplied). This, said the Appellate Division, Third Department, in Matter of Gilmour (pp. 158-159) was the distinction from eases such as Matter of Ossman (supra, p. 633) which held the trust to be a percentage of fractional bequest rather than a pecuniary or fixed dollar bequest, where the will provided “ one half of the value of my adjusted gross estate ” (emphasis supplied).
Whatever the merits of using such a distinction to decide into which of the two categories a “ marital deduction trust ” falls, it is clear that the language of the instant will is closer to that in Matter of Ossman (supra) and other cases coming to like conclusions (Matter of Bing, stipra; Matter of Mueller, 34 Misc 2d 584).
Other cases, with language in the will similar to that in the will in Matter of Gilmour (supra) have reached a contrary result (Matter of Bush, 2 A D 2d 526, affd. 3 N Y 2d 908 [1957]; Matter of Nickelsburg, 34 Misc 2d 82).
These results indicate a constructional preference for the percentage or fractional type of “marital deductions trust”. Such a construction will be adopted herein. The objection of the special guardian is overruled. Settle decree.