Matthew J. Jasen, J.
This article 78 proceeding is brought (1) to compel the issuance of a building permit to operate a restaurant; (2) to review the determination of the East Aurora Zoning Board of Appeals in affirming the denial of a building permit by the Building Inspector of said village; and (3) in the alternative, to review the determination of the aforesaid board in refusing to grant a variance to the petitioner.
The facts upon which this proceeding is based are as follows:
It appears that for many years there was maintained upon the property which is the subject of this proceeding, an inn and restaurant. Several years ago, the structure was destroyed by fire. Subsequently the petitioner purchased the property and now desires to build thereon a new restaurant. On March 16, 1966, the petitioner submitted his first application for a building-permit to the Building Inspector of the village. On April 18, 1966, the Village Board directed the Building Inspector to disapprove the application upon the ground that the proposed structure was not a use permitted in “ C-Business District ”, *670 and upon the further ground that there Xvas insufficient off-street parking provided for this type of restaurant. Subsequently on April 22,1966, the Village Board passed a resolution declaring a building moratorium, to be retroactive to April 18, 1966 and extending until June 27, 1966, for the announced purpose óf giving the Village Board an opportunity to review its zoning ordinance.
On June 27,1966, petitioner met with village officials, at which time the proposed restaurant was discussed in detail. On July 15, 1966, a new application for a building permit, together with modified plans, which were made as a result of the June 27 meeting, were filed with the Building Inspector. A special meeting to consider the new application was held on July 25, 1966, and after a hearing the board voted three in favor and three opposed to the issuance of a building permit. The tie vote of the Village Board had the effect of no action being taken by the board upon the application and, accordingly, the Building Inspector disapproved the same. Thereafter, petitioner appealed to the Village Zoning Board of Appeals.
On December 9, 1966, the Village Zoning Board of Appeals denied the relief sought by the petitioner and sustained the Building Inspector’s disapproval of the application upon the ground that “ the proposed use of the subject structure as described at the hearing more nearly satisfies the definition of a ‘ drive-in restaurant ’ than the definition of a ‘ full-service restaurant as defined in the current Zoning Ordinance, and therefore, is not a permitted use in such ‘ C-Business District Zone ’.”
The request for a variance was denied upon the ground that “ the applicant has not shown, by evidence and information presented, such practical difficulties or unnecessary hardships which would justify the granting of the variance applied for.”
The issue presented is whether the zoning ordinance restricts the building of the proposed restaurant in the area in question.
Let us first examine the pertinent provisions of the applicable zoning ordinance of the Village of East Aurora.
At the time the application was filed, the following sections were in effect: “ Section 5.03 — C-Business District.
A. Permitted uses. * * * 3. Retail and wholesale sales, personal services and restaurant, provided that any such use is conducted within a completely enclosed building * * *
“ Section 6.00 — Required Spaces, After the effective date of this amended ordinance, off-street parking spaces shall be provided as hereinafter specified at the time a building or structure is erected ”.
*671 . “ B. 3 — Eating or Drinking Places. Two spaces for each five seats or standing spaces. Drive-in type of establishment shall provide three spaces for each twenty square feet of gross floor space.”
Subsequent to the filing of the application and the hearing before the Village Board, the zoning ordinance was amended effective September 6, 1966, to add the following definitions to article XII.
“ 24-B — Restaurants, (a) Full-service Restaurant — An eating establishment where the products sold are consumed entirely within a completely enclosed building, where the taking out of food and drink from said building is purely incidental, and where the consumption of food in vehicles on the premises where the building is located is prohibited.
“ (b) Drive-in Restaurant — An eating establishment where customers normally arrive by motor vehicles, are provided quick service, food and drink, and may retire outside to consume their purchases.”
It seems clear from the above sections that the zoning district within which the subject property is located purports to permit only “ Full-service Restaurant ”.
Therefore, the question presented is whether the proposed building is a “Full-service Restaurant” or a “Drive-in Restaurant ”.
A reading of the definitions of “ Full-service Restaurant ” and “ Drive-in Restaurant ” seems to differ essentially only as to the place where the food purchased is to be consumed. Both definitions permit 6 ‘ take-out ’ ’ service, but ‘ ‘ Full-service Restaurant ” prohibits the consumption of food in vehicles on the premises where the building is located.
The plans for the proposed structure provide for the construction of a modern brick and glass building, fully enclosed, seating capacity 28 persons, with self-service order counter and parking facilities for 50 cars. There is no indication that- the proposed restaurant would provide service to patrons while such patrons remained in their automobiles. On the contrary, it conclusively appears that patrons in the proposed restaurant would be required to enter the restaurant and make their purchases there.
It is well-settled law that since zoning ordinances are in derogation of common law, they must be strictly construed. (Matter of 440 East 102nd St. Corp. v. Murdock, 285 N. Y. 298; Incorporated Vil. of Brookville v. Paulgene Realty Corp., 24 Misc 2d 790, affd. 14 A D 2d 575, affd. 11 N Y 2d 672.)
*672 Consequently, bearing in mind the strict interpretation with which zoning ordinances must be examined, this court is of the opinion that the proposed structure should be classified as a ‘ ‘ Full-service Restaurant ’ ’, and therefore a permitted use in the “ C-Business District” as set forth in section 5.03 of the Zoning Ordinance.
An examination of all the documents, plans, specifications and papers submitted clearly indicates that the proposed structure is in complete compliance with the definitional provisions of the ordinance, in that the proposed restaurant contemplates the consumption of food within a “ completely enclosed building ” and that the “ taking out of food and drink from said building is purely incidental. ’ ’
In addition, the characterization of the proposed structure by the Zoning Board of Appeals as a “ Drive-in Restaurant ” is not supported by the record. The proposed structure is not a “Drive-in Restaurant” within the meaning of the zoning ordinance, nor as that term is understood in ordinary use. In Webster’s Seventh New Collegiate Dictionary, 1955, “ Drive-in ” is' defined as “ a place of business so laid out that patrons can be accommodated while remaining in their automoblies ”.
With respect to the defined provision that the consumption of food in vehicles on the premises be prohibited, the petitioner has agreed to abide by this requirement.
Accordingly, the determination of the Zoning Board of Appeals is annulled and the Village Building Inspector is directed to approve petitioner’s building permit.