Otto C. Jaeger, S.
In this final accounting proceeding, the executors have submitted a tentative table of distribution of principal and income on hand as well as an alternate table of such distribution, and request the court to determine the proper allocation of the said principal and income among the beneficiaries of decedent’s estate. This requires a construction as to whether the marital bequest is a fractional share of the estate or a general pecuniary legacy. If the latter, the surviving spouse receives a fixed amount unaffected by appreciation or depreciation in the value of the assets comprising the estate and no part of the income as such. If, however, the bequest is construed as fractional, the surviving spouse shares in appreciation or depreciation of principal and a further question is presented as to whether the spouse shares in income earned during the period of estate administration.
The testatrix died on December 1, 1961 leaving a last will and testament that was admitted to probate on December 26, 1961. By paragraphs “ second ” through “ nineteenth ” of the will, numerous specific as well as general legacies are given. The “marital bequest ” is set forth in paragraph “twentieth” as follows: ‘ ‘ twentieth : In the event that my husband, jerome lewine, survives me, I give, devise and bequeath to him an amount equivalent to the maximum estate tax marital deduction (allowable in determining the Federal estate tax on my gross estate), diminished by the value for Federal estate tax purposes of all property in my gross estate which qualifies for said deduction and which passes, or has passed, to my said husband under other provisions of this, my will, or outside the provisions of this, my will. The use of the word ‘ maximum ’ as used in this paragraph shall not be construed as imposing any duty upon my executor to elect, and my executor shall have the right to elect (without regard to the effect of the exercise of such right upon the computation of the value of any devise or bequest made in this, my will), either the date of death or the alternate valuation date as the date for fixing values for Federal estate tax purposes. In computing the value of the property, if any, passing to my husband under the provisions of this paragraph, the final determinations in the Federal estate tax proceeding (whether by agreement, litigation or otherwise) shall control.”
The residuary estate, bequeathed by paragraph “ twenty-first ”, is divided into two equal parts. The first part is given *736 unconditionally to the daughter of testatrix. The remaining’ part is set up as a trust giving to testatrix’ son the entire income during his lifetime, with the remainder ultimately payable to his children .upon attaining specified ages and bequests-over in the event that any of said children fail to attain the ages specified.
Jerome Lewine, the surviving spouse, died a resident of Westchester County on December 30, 1962 leaving a last will and testament which was admitted to probate on January 18, 1963 and which provided for the disposition of his residuary estate in substantially the same manner as his wife disposed of hers.
The specific legacies in paragraphs “second” through “nineteenth” of the wife’s will have been distributed, and the monetary legacies therein bequeathed were paid in cash before July 10,1962. No payment of the “ marital bequest ” was made prior to the husband’s death, other than a few articles of jewelry valued at $2,760.
It appears from the many cases dealing with the question of whether a marital bequest is pecuniary or fractional that the courts have exercised not a little ingenuity in order to permit the surviving spouse to share in the benefits to be derived from a rising securities market. - In order to protect the surviving spouse in the event of a falling market, even greater ingenuity may be required in distinguishing some of these cases.
In the construction of wills, the function of the court is to; ascertain the intention of the testator from the language used. The economic fortunes or misfortunes of the estate cannot change the meaning of that language. If the words employed, when read in their natural and generally accepted sense, indicate an intention to give the surviving spouse a fixed amount regardless of appreciation or depreciation in the value of estate assets, the bequest is pecuniary and reasons should not be contrived in order to justify a contrary determination. This is true whether the bequest is in terms of a specified number of dollars or whether it'is to be computed according to a marital deduction formula.
The language employed in the instant will is a classic example of a pecuniary formula bequest. The testatrix bequeathed to her husband “ an amount ” equivalent to the maximum estate tax marital deduction, diminished by the value of all other qualifying property passing to her husband. The words “ an amount ” or “a sum ” are generally understood by the draftsmen of wills as indicating a pecuniary bequest and the courts have recognized that fact in numerous decisions (Matter of Gilmour, 18 A D 2d 154; Matter of Kennedy, 39 Misc 2d 688; *737 Matter of Gauff, 27 Misc 2d 407). On the other hand, words such as “ a part ” or “a portion ” or “ a percentage ” of the estate are usually employed where the intent is to bestow a fractional legacy (Matter of Bing, 23 Misc 2d 326; Matter of Mueller, 34 Misc 2d 584).
Significant also is the fact that the marital bequest is contained in a preresiduary clause of the will. This is an “ important distinguishing feature ’ ’ (Matter of Gutwirth, 53 Misc 2d 699, 701). In the absence of compelling language to the contrary, the court can find no justification for construing this preresiduary bequest as a gift of a fractional share of the residuary estate.
The contention that the bequest is fractional is based largely on the provision of paragraph ‘ ‘ twentieth ’ ’ that ‘ ‘ In computing the value of the property, if any, passing to my husband under the provisions of this paragraph, the final determinations in the Federal estate tax proceeding ’ ’ shall control. The court is urged to construe this provision as requiring estate tax values to be used in valuing assets distributed in kind to satisfy the marital bequest. The court’s attention is called to those cases which hold that an intention is demonstrated that the surviving spouse share in appreciation of principal where the will authorizes distribution in kind at date of death or tax values (Matter of Nickelsburg, 34 Misc 2d 82; Matter of Leonard, 45 Misc 2d 534).
In paragraph 11 twenty-third ’ ’ which pertains to the powers of the executors, the testatrix, in subdivision “ (j) ”, authorized distributions to be made either wholly or partially in kind. The quoted provision of paragraph “ twentieth ”, however, refers neither expressly nor by implication to paragraph 1 ‘ twenty-third (j) ”, It speaks of the value of property “ passing ” to the surviving spouse ‘ ‘ under the provisions of this paragraph ’ ’, rather than to the value of assets distributed in kind pursuant to paragraph “ twenty-third (j) ”. It directs that the final determinations in the Federal estate tax proceedings are to control in “ computing ” the value of the bequest. Nothing is said as to the values to be used in satisfying the bequest in kind.
There is no merit to the contention that this provision should be given some extraordinary meaning. As understood by the court, it may do nothing more than repeat in express terms that which was already implied in prior provisions of paragraph ‘ ‘ twentieth ’ ’. A careful draftsman would be justified, however, in leaving nothing to implication.
In Matter of Levy (9 Misc 2d 561) the executors had elected to take administration expenses as income tax rather than estate *738 tax deductions. This increased the “ adjusted gross estate” and consequently, the amount of the maximum marital deduction. The court held that on distribution the surviving spouse was to receive a share calculated, although contrary to fact, as though the expenses had been taken as estate tax deductions. The direction in the instant will to use final estate tax determinations in computing the amount of the bequest may well have been inserted in order to avoid the possibility of any such enforced reduction in the share of the surviving spouse. In Matter of McTarnahan (27 Misc 2d 13) the court relied on a similar provision in reaching a determination contrary to that in Matter of Levy (supra).
The reason, however, for inserting the provision in question is of little importance. Even if considered superfluous, it is not ambiguous. It is a form of standard provision often incorporated in marital deduction formula bequests. The fact that it may be repetitious is of no significance. It is not uncommon for the draftsmen of wills to repeat a thought in an abundance of caution or even, at times, to ‘ ‘ gild the lily ’
Since the will is silent as to the values to be used in satisfying the bequest in kind, assets used for that purpose must be valued as of the date of distribution (Matter of Gauff, 27 Misc 2d 407, supra; former section 17-f [subd. 2, par. a] of the Personal Property Law).
Except for interest at the rate of 3% per annum for late payment, the pecuniary bequest to the surviving spouse does not share in the income earned by the estate during the period of administration (former section 17-b of the Personal Property Law).
Distribution of principal and income shall be made in accordance with this decision and the 11 Tentative Alternative Table of Distributions ” attached to Schedule “I” of the account.
The executors are authorized to retain the sum of $39,756.11 as requested, as a reserve for satisfaction of the liability, if any, which may be imposed upon decedent’s estate by reason of the pending litigation against H. Hentz & Co. in which decedent was a limited partner, and/or by reason of the assessment of any further fiduciary income tax and interest and penalties thereon and/or any additional administration expenses, and jurisdiction will be retained over this proceeding to permit the amount so reserved to be accounted for at the foot of the decree, as and when the amount of said liabilities is fully determined.
The petition and citation herein and the affidavit of the attorneys for the petitioners request the court to fix and allow the legal fees of said attorneys in the sum of $27,500. A supple *739 mental affidavit of the attorneys raises the request to $32,500. On a prior intermediate accounting, the court fixed the attorneys’ fees in the amount then requested for all services rendered and to be rendered to and including the settlement of the decree made therein. The present application is for services rendered since that decree. The court determines that the fair and reasonable value of such services is the sum of $24,000 inclusive of services to be rendered to and including the settlement of the decree to be made herein, together with out-of-pocket disbursements in the sum of $540.50.