John D. Bennett, S.
The petitioner in this proceeding, a corporate coexecutor under the will of the now deceased surviving spouse of the testator, requests that the nature and extent of the bequest to the wife in paragraph (a) of article fifth of the will be construed. That paragraph, which immediately follows the residuary clause in article fifth, reads:
“ (a) To my wife, kathryn brake mclaughlin, if she survives me, such portion of my residuary estate as shall be equal to the amount of the maximum marital deduction allowable to her as a surviving spouse for Federal estate tax purposes.
‘ ‘ In establishing the maximum marital deduction, I direct that the values and amounts finally fixed for the purpose of Federal estate taxes shall control.”
The initial opposition to this proceeding advanced by the three residuary legatees, a brother and two sisters of the decedent, is that the application is premature and should be deferred to the accounting proceeding. The petitioner, however, asserts that a construction of the extent of the bequest is necessary in order to properly file the Federal estate tax return for the estate of the deceased surviving spouse.
SOPA 1420 specifically provides for a construction proceeding and contains no limitation as to when it can be brought. Ordinarily construction proceedings are only premature and postponed where some contingency has not yet occurred. For example, where a life tenant’s death has not occurred no determination will generally be made as to the remainder interests. Even in those circumstances, however, a construction has been made where an adequate reason was given (Matter of Lederer, 4 A D 2d 623). Here the bequest to the surviving spouse is outright and contains no contingency. Moreover, sufficient and adequate reasons have been given for a present determination.
The principal question for construction concerns the residuary beneficiaries’ argument that the testator’s use of a marital deduction formula clause manifests an intention to limit the *126 amount of the bequest to one half of the adjusted gross estate less all of the property passing outside the will which qualifies for the marital deduction. While it is true that routine marital deduction formula clauses or forms suggested for such use diminish the bequest by other property passing to the surviving spouse and qualifying for the marital deduction, this court is limited to construing the will as here written and may not read into the will an intention which is neither expressed nor necessarily implied (Matter of Tamargo, 220 N. Y. 225). This same question was decided in Matter of Reben (115 N. Y. S. 2d 228) and this court is in accord, with the conclusion there reached that the bequest of the maximum marital deduction allowable cannot be diminished by reason of other property interests passing to the surviving* spouse, and the will is so construed.
The second question presented is whether the bequest to the surviving spouse is a “ pecuniary or fractional ” type bequest. Whether a testamentary disposition or interest in trust is pecuniary or fractional in character depends upon the intention of the testator (EPTL 2-1.9, subd. [a], par. [2]). The use of language such as “ a part ” or “ a portion ” (as here present) has usually been construed as language evidencing an intent to create a fractional legacy for the benefit of the surviving spouse (Matter of Gutwirth, 53 Misc 2d 669, 701, and cases there cited). Also significant is the presence of the bequest in and as part of the residuary estate (Matter of Lewine, 55 Misc 2d 734, 737). Accordingly the marital deduction bequest is held to be “fractional” in character and, therefore, shares in any appreciation experienced by the estate during administration.
The third question presented relates to apportionment of taxes. The court construes the language in article third as a general estate tax exoneration clause or a direction against apportionment of any such tax either as to testamentary or nontestamentary assets. The estate taxes are accordingly to be paid as an expense of administration without apportionment (Matter of Moritz, 48 Misc 2d 323).