John J. McCall, S.
The testator here in various paragraphs of his will bequeathed either 1/50 or 2/50 of his estate to various legatees. The opening paragraph of the will directed *293 the payment of just debts, funeral expenses and expenses of administration, and following the fractionally expressed legacies was a residuary clause by the terms of which the testator left the remainder of his property to his two brothers share and share alike. Between the date of death and the date of this accounting there has been an increase and/or appreciation in the assets of the estate or the value thereof and the prime question in doubt here is whether this sum should be included in the base for determining the value of each fractional share or whether the increase belongs in the residuary alone and the preresiduary legatees be barred from participating therein.
General legatees do not share in an increase while specific legatees do. It is unnecessary to cite authorities to support this proposition of law. The question before us then is whether the 1/50 bequest is specific or is a general one with the fractional part being used only as a means of determining the amount of a general pecuniary legacy. By nature, a specific legacy is one whereby the testator isolates some portion of his property from all other portions and creates a title in that portion for one person or persons. In most cases this isolation is accomplished by giving to the property a peculiarly identifying description. In the context of some wills, the description of the nature of the parts isolated by use of the fractional share approach has been held to make legacies specific but the lack of differentiating characteristics among the parts, save the mathematical one, have led the courts to conclude that the adopted division is simply for the purpose of affording a basis for a determined fixed amount and therefore that legacies of this type are general pecuniary bequests. There is nothing in this will that indicates an intention on the part of this testator to deviate from the normal situation. It would be unreasonable to say that this testator meant, by use of the fractional share, anything beyond the establishment of a basis by which dollar amounts could be determined. Following the general rule then, that income or increases from property held for payment of debts, administration expenses or general legacies fall into the residue, the increase here should go to the residuary legatees.
To be sure there is not here a stated pecuniary amount for the legacies, yet there is set up in the will a formula for determining the same. The guardian for the infants here, in support of his contention that his ward should receive part of the increase, cites several marital deduction cases on the question of whether the bequest is pecuniary or truly frac *294 tional. These determinations in the cases are so interwoven with taxing principles and applicability and interpretation of the tax law that they really constitute a distinct breed and lend little help in the resolution of the instant question. In the instant circumstances it seems that more than the bare use of the percentage is required to give the bequest the character of a specific legacy. What is sought in the final analysis is the intention of the testator and the court is constrained to state that the maker of this will meant to create a general legacy and nothing beyond that.
The basis to which the percentage shall be applied is the value of the property of the decedent at the date of death, less the amount of debts, funeral expenses and administration expenses.
It appears the accounts have been submitted by applying the afore-mentioned principles and these are judicially settled and allowed. Guardian ad litem’s allowance will be fixed at the submission of the decree.