John D. Bennett, S.
The executor in this accounting proceeding, as an incident to the account, requests that the residuary bequest be abated because of insufficient funds to satisfy it.
Decedent died on May 12, 1973, survived by his widow, the petitioner, as his sole distributee. His will, dated April 23, *226 1971, was admitted to probate on June 1, 1973 and letters testamentary issued to petitioner.
In paragraph second testator gave to his widow "one-half of my estate, including therein all tangible personal property owned by me.” In paragraph third he provided: "I direct that the said bequest to my wife shall pass to her free and clear of any liability for debts, funeral or administration expenses or estate or inheritance taxes, all of which, including all estate or inheritance taxes on property included in my taxable estate, whether passing under this Will or otherwise, are to be paid out of the residue of my estate.” The residue of the estate is to be paid to the widow and another trustee, in trust, to pay or apply the net income to the widow for life and upon her death the remainder is payable to various named legatees including several charitable institutions in varying amounts and percentages. The cotrustee of the residuary trust is authorized to invade principal for the life beneficiary’s benefit without regard to her other income or financial resources. The will does not expressly grant, the executrix the authority to distribute in kind.
The account as filed reports principal received of approximately $245,000. Realized increases are $1,208 and unrealized increases $9, making total increases of $1,217. Schedule B shows realized decreases of $21,803 with unrealized decreases $71,440, making total decreases of $93,243. Funeral and administration expenses, including Federal and New York estate taxes paid, are $33,270 with debts paid $540. No distributions were made to the widow during the administration of the estate. The principal on hand, consisting largely of stocks and bonds, valued as of September 30, 1974, is shown as $119,268. The executor contends that the bequest to the widow under paragraph second of the will is one half of Schedule A or $122,500, leaving insufficient funds and property on hand as of September 30, 1974 to satisfy the widow’s bequest and naturally nothing for the residuary trust.
Three of the named remaindermen have filed waivers and consents that the residuary bequests to them be abated. No objections to the relief requested have been filed on behalf of either the individual or charitable remaindermen, two of whom have filed notices of appearances. The Attorney-General has filed a notice of appearance on behalf of the People of the State of New York, the ultimate charitable beneficiaries of the bequests to the charitable remaindermen.
*227 The widow’s bequest is clearly a fractional share of the testator’s estate, sharing ratably in all of the estate assets, whether appreciated or depreciated (Matter of McLaughlin, 62 Misc 2d 124, 126, mod 36 AD2d 614, mod and decision of Surrogate reinstated 30 NY2d 781; Matter of Lewine, 55 Misc 2d 734, 737; Matter of Gutwirth, 53 Misc 2d 699, 701; Matter of McDonnell, 45 Misc 2d 57, 59; Matter of Ossman, 27 Misc 2d 632). In Matter of Lewine (supra), Surrogate Jaeger said (p 736): "It appears from the many cases dealing with the question of whether a marital bequest is pecuniary or fractional that the courts have exercised not a little ingenuity in order to permit the surviving spouse to share in the benefits to be derived from a rising securities market. In order to protect the surviving spouse in the event of a falling market, even greater ingenuity may be required in distinguishing some of these cases.” (See, also, Hoffman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 2-1.9, p 177.)
In Matter of Gauff (27 Misc 2d 407, 410) Surrogate Cox, in discussing the contention of a guardian ad litem that a pecuniary bequest to the widow should share in the appreciation of the estate’s assets, prophetically said: "It is doubtful that the position taken by the special guardian would be the same if there had been a decrease in the value of the other assets of the decedent’s estate during the period of the administration.”
In the absence of any expressed directions to the contrary, assets are to be valued as of the date of distribution (EPTL 11-1.7, subd [a], par [2]; Matter of Bush, 2 AD2d 526, affd 3 NY2d 908; Matter of James, 189 Misc 24, affd 274 App Div 917, rearg den 274 App Div 927; see, also, Fourth Report of Temporary State Comm on Law of Estates, NY Legis Doc, 1965, No. 19, Report No. 5.4.2A, p 307). Accordingly, the surviving spouse’s bequest, being fractional, is to be computed by applying the fraction to the net assets on hand at date of distribution plus Schedules C and D.
In view of the lapse of time since the valuation of the assets on hand (Sept. 30, 1974), the fiduciary is directed to supplement and bring her account down to date and recompute the bequest to the widow in accordance with the decision of this court.