OPINION OF THE COURT
Renee R. Roth, S.
In this executors’ accounting, objections have been filed by the Attorney-General and The Chase Manhattan Bank, as trustee of an inter vivos charitable trust. Two of the objections require construction of article third, a preresiduary clause in testatrix’ will.
Article third provides: "third: I give and bequeath twenty-five percent (25%) of my estate remaining after debts, funeral expenses and expenses of administration, but before taxes, to The Chase Manhattan Bank (National Association) as Trustee of The New York Community Trust to be held, administered and disposed of by said trustee in accordance with the provisions of a certain agreement made the 13th day of November, 1975, between me as Settlor and The Chase Manhattan Bank (National Association) as Trustee.”
The two issues raised by the objections are:
1- Whether the disposition in article third is pecuniary or fractional. If it is pecuniary, the beneficiary does not share in increases during administration; if it is fractional, then it does share.
2- Whether the beneficiary of the pour-over bequest to an inter vivos trust is entitled to share in income earned during administration. This question requires consideration of EPTL 11-2.1 (d) (2) which provides that all dispositions in trust, whether residuary or preresiduary, share in such income. A preresiduary disposition not in trust does not share in such income.
There are numerous decisions on the first question. Most appear to turn on the language of the disposition. Thus when a testator uses words such as "an amount” or "a sum” or "a share equal to”, the decisions construe such words to indicate testator’s intention to make a pecuniary disposition (Matter of Epping, 29 AD2d 410; Matter of Gilmour, 18 AD2d 154; Matter of Zalaznick, 88 Misc 2d 727; Matter of Heslin, 70 Misc 2d 292; Matter of Lewine, 55 Misc 2d 734; Matter of Gutwirth, 53 Misc 2d 699; Matter of Leonard, 45 Misc 2d 534; Matter of Umpleby, *564 43 Misc 2d 932; Matter of Kennedy, 39 Misc 2d 688; Matter of Gauff, 27 Misc 2d 407).
However, where testator uses language such as "a part” or "a portion” or "a percentage” of the estate, these words have been construed to indicate an intention to make a fractional disposition (Matter of Bush, 2 AD2d 526, affd 3 NY2d 908; Matter of Maglin, 85 Misc 2d 225; Matter of McLaughlin, 62 Misc 2d 124; Matter of Lewine, supra; Matter of McDonnell, 45 Misc 2d 57; Matter of Schimenti, 42 Misc 2d 983; Matter of Mueller, 34 Misc 2d 584; Matter of Ossman, 27 Misc 2d 632; Matter of Bing, 23 Misc 2d 326; Matter of Inman, 22 Misc 2d 573).
Additionally EPTL 2-1.9 (a) which provides for distribution in kind contains some helpful definitions as follows:
"(1) As used in this section, the terms 'pecuniary disposition’ and 'transfer in trust of a pecuniary amount’ mean, respectively, a disposition by will or a transfer under a trust agreement of a specific amount of money, which amount is either expressly stated in the instrument or determinable by means of a formula which is stated in the instrument.
"(2) Whether a testamentary disposition or transfer in trust is pecuniary or fractional in character depends upon the intention of the creator.”
When the disposition is a specific amount, such as $10,000, it is clearly pecuniary. A disposition "determinable by means of a formula which is stated in the instrument” is also pecuniary. For example, a bequest of one half of $20,000 can clearly be determined by means of a formula and is therefore a pecuniary disposition. The significant element is not the fraction but what the fraction is applied against.
In the clause in question, the fraction is 25%. Testatrix directed that the fraction be applied against a denominator defined as "my estate remaining after debts, funeral expenses and expenses of administration but before taxes”. The denominator would appear to be readily ascertainable within a reasonable period after testatrix’ death. In Matter of Gutwirth (supra) the percentage was "fifteen per cent” applied against a denominator defined as "my net adjusted gross estate”. The denominator was held to be a readily ascertainable amount. That disposition, which is not very different from article third, was held to be pecuniary.
The fundamental test of whether a disposition is pecuniary *565 or fractional is of course the intention of the testator (EPTL 2-1.9 [a] [2]).
A criterion used by the courts in ascertaining the testator’s intention is the location in the will of the disposition in question (Matter of Gutwirth, supra). Location of the formula disposition in the residuary clause has been held to indicate an intention to create a fractional disposition (Matter of McLaughlin, supra; Matter of Lewine, supra). On the other hand, the location of a formula disposition as a preresiduary clause has been held to evince an intention to make a pecuniary disposition (Matter of Maglin, supra; Matter of Ossman, supra).
In this case, the location test is a useful indication of testatrix’ intention. As noted, article third is a preresiduary bequest. Article fourth is Mrs. McKee’s residuary clause. In that article she disposed of her residuary estate entirely in fractions, i.e., 70% to her son and 30% to her son’s issue. Obviously if she had intended that the beneficiary of the bequest in article third should share in increases during estate administration, she could have provided for that result by placing this disposition within her residuary, the next clause of her will. She did not do so.
Based upon the nature of the disposition and its location as a preresiduary disposition, the court concludes that testatrix intended that the disposition in article third be pecuniary and thus not entitled to share in increases during administration.
The second issue raised concerns the distribution of income earned by the assets of the estate during administration.
Since 1931, the law governing the disposition of such income has been statutory. The earliest statute, Personal Property Law former § 17-b, provided: "[A]ll income from real and personal property earned during the period of administration * * * shall be distributed pro rata as income among the beneficiaries of any trusts created out of the residuary estate of such testator and the other persons entitled to such residuary estate.”
Thus, under the terms of this first statute, only residuary beneficiaries shared in the income earned during administration.
Effective June 1, 1965, the statute was amended and subsequently incorporated into EPTL article 11 (eff Sept. 1, 1967). The change relevant to the issue before the court added *566 beneficiaries of preresiduary trusts to the class of the beneficiaries entitled to share in income.
In relevant part, EPTL 11-2.1 (d) (2) now provides: "Unless the will provides otherwise, income from the assets of a decedent’s estate after the death of the testator and before distribution * * * shall be * * * distributed as follows: (A) to specific beneficiaries the net income from the property disposed of to them respectively; (B) to all other beneficiaries, except beneficiaries of pecuniary dispositions not in trust, the balance of the net income in proportion to their respective interests in the undistributed assets of the estate computed at times of distribution on the basis of inventory value” (emphasis added).
Although the prior statute restricted distribution of income to beneficiaries of trusts "created out of the residuary estate of such testator”, the revisers, without any explanation, omitted this limitation from the present statute. Thus, the statutory rule as applied to trusts is that beneficiaries of all types of dispositions in trust, whether preresiduary or residuary, pecuniary or fractional, share in income earned during administration. Indeed, the only beneficiaries of wills who do not share in income earned during administration, are beneficiaries of ordinary "pecuniary dispositions not in trust”.
EPTL 11-2.1 (c) (1) provides that an income beneficiary of a trust is entitled to income as of the date of testator’s death if the trust assets are "subject to a trust by reason of a will”.
At issue is whether the pecuniary bequest "to” the inter vivos trust can be construed as "in trust” and therefore entitled to receive income earned during estate administration. This issue has not been raised in any reported decision. The parties have submitted lengthy memoranda in support of their contentions.
Objectants contend that EPTL 3-3.7, the so-called pour-over statute, should be construed to incorporate the inter vivos trust into Mrs. McKee’s will.
EPTL 3-3.7 provides that a bequest even to an unfunded inter vivos trust is valid so long as the trust is created prior to or contemporaneous with the execution of the will and specifically identified in the will. If the inter vivos trust is incorporated into Mrs. McKee’s will, the beneficiary of the article third disposition to the inter vivos trust would be entitled to share in income earned during administration in the same manner as a beneficiary of a testamentary trust. This clearly would be an equitable result.
*567 However, the court does not construe EPTL 3-3.7 to incorporate an inter vivos trust into a will. Rather, that provision, largely a codification of prior decisional law, merely authorizes the pour-over of estate assets into a preexisting trust (Second Report of Temporary State Commn on Law of Estates [1963 NY Legis Doc, No. 19], at 375, 378; see also, 1 Scott, Trusts § 54.2, at 388-389).
In Matter of Rausch (258 NY 327, 331) in discussing the validity of a bequest to an inter vivos trust in relation to the rule against incorporation by reference, Judge Cardozo observed that: "The legacy when given was not the declaration of a trust, but the enlargement of the subject-matter of a trust declared already.” A pour-over bequest therefore does not create a trust; it merely adds to the trust.
If a testator makes a pecuniary disposition to an existing charity, e.g., American Cancer Society, such a bequest is obviously a "pecuniary disposition not in trust” under the quoted statute and therefore not entitled to share in income. In some circumstances, a disposition to an ordinary charity may be deemed a disposition to a charitable trust (e.g., EPTL 8-1.1 [a]; 8-1.4 [a]). The testator did not create the trust; it became a trust by virtue of statute. Clearly, such charity is not a beneficiary of a disposition in trust for the purpose of sharing in income earned during administration.
The court holds that the disposition in article third is a direction to pour-over a pecuniary amount to an existing inter vivos trust and not to a trust created by Mrs. McKee’s will. This disposition is therefore a "pecuniary disposition not in trust” and is not entitled to share in income earned during estate administration. If there is an inequity in this result, the remedy lies with the Legislature and not with the court.
The parties will be notified of a conference date with respect to the remaining issues not rendered moot by this decision.