In the Matter of the Construction of the Will of STELLA T. STARTUP, Deceased.

Surrogate's Court, Orange County, March 3, 1955.

*Veraldi, Van Fleet & Eager* for Samuel W. Eager, Sr., as executor of Stella T. Startup, deceased, petitioner.

*Pittore & Leary* for George A. McNamara.

CALYER, S. This proceeding is brought to obtain a construction of that part of the codicil to the decedent's will by which she bequeathed certain property to George A. McNamara in the following language: '' Four Thousand ($4000) Dollars of Barbizon Hotel bonds, if and as owned by me at the time of my decease.'' The residuary legatees were duly cited in this proceeding, but there has been no appearance by, or on behalf of, them.

The testatrix had once owned $4,000 worth of First Mortgage 6% Serial Gold Bond Certificates of Lexington Avenue and 63rd Street Corporation (Barbizon Corporation). As the result of a corporate reorganization, these certificates were exchanged

for a stock certificate representing eight shares of common stock of Hotel Barbizon, Inc. It is this stock certificate which was in the possession of the testatrix when she executed her will on January 18, 1945; when she executed the codicil, containing the language above quoted, on February 4, 1949; and on the date of her death, September 12, 1953.

The question now presented is whether the gift to George A. McNamara has adeemed. It has been held that a change in the nature of property specifically bequeathed works an ademption, unless it is a change in name or form only. (*Matter of Brann,* 219 N. Y. 263.) It has also been said that in the case of securities which have been subjected to substitution because of reorganizations, the new securities may be delivered. (6 Jessup-Redfield on Surrogate's Law and Practice, § 4716; *Matter of Spears,* 151 Misc. 181.)

The language used by the testatrix and the circumstances with regard to the corporate reorganization clearly indicate that the testatrix was in error in describing the securities held by her at the time she made this codicil, and further that she intended George A. McNamara to receive her Barbizon Hotel securities in the form in which they existed at the time of her death. (*Matter of Spears, supra.*)

It is, therefore, held that the language in question vests in the specific legatee, George A. McNamara, the eight shares of common stock of Hotel Barbizon, Inc., owned by the testatrix at the time of her death.

Submit order in accordance herewith.