Edward M. Horey, S.
The will of the testator, Lawrence H. Block, dated December 17, 1949, has been duly admitted to probate.
Under paragraph third of his will, testator directed his *93 executrix to sell to testator’s son, Rodney L. Block, at its fair and reasonable market value, all testator’s interest in the real and personal property and good will that constituted the assets of a partnership that operated under the firm and style of "Block Brothers”. Testator was an equal partner of that firm at the time of the execution of his will.
Paragraph fourth of the testator’s will bequeaths the "income and profits” from the proceeds of sale of the testator’s interest in the partnership and in the residuary estate to his wife, Erma Block, for the term of her life, and further grants the power of invasion of the principal for her support, care and maintenance or any other purpose whatsoever.
Paragraph fifth bequeaths any residue of the proceeds of sale of the partnership and of the residuary estate to the testator’s children, Madeline Smith and Rodney L. Block, in equal shares, upon the death of Erma Block.
Twenty years after the execution of the will and on May 20, 1969, the testator, together with his son and partner, Rodney L. Block, by agreement, transferred all of the assets of the partnership to a domestic corporation formed by them in exchange for capital stock.
Four hundred sixty shares of no par common stock were issued to the testator. Á like number were issued to Rodney L. Block and 80 shares were issued to Erma Block in full payment of a debt evidenced by a promissory note which was owed to her by the partnership. From the time of incorporation until the death of the testator there was no change in shareholders of the corporate stock and no change in the type or number of shares of stock.
The executrix of the estate, Erma G. Block, now petitions the court for a construction of the validity and effect of the directions for sale of the partnership interest provided in the testator’s will.
It appears that the testator’s widow, Erma Block, and his children, Madeline Smith and Rodney L. Block, all persons interested in the estate are agreed as to the facts. By joining in the petition for construction they allege that it is their several and joint contention that the testator intended to direct a sale of the corporate stock to his son, Rodney L. Block.
The basic question presented is one of ademption, that is, the question of the extinction or withdrawal of the legacy *94 referable to testator’s interest in a partnership by dint of the change of his interest to one of corporate stock.
The court first disposes of the contention of the executrix and of the testator’s wife and children that effect should be given to the testator’s intention. While it is true that at one time the issue of ademption of a bequest was resolved upon a finding of the subjective intent of a testator, this is no longer true. As the Court of Appeals noted in Matter of Wright (7 NY2d 365), the intention of the testator no longer has anything to do with the matter. " 'What the courts look to now is the fact of change. That ascertained, they do not trouble themselves about the reason for the change’ ” (pp 367-368). (To the same effect Matter of Brann, 219 NY 263, 268; Matter of Wallace, 86 Misc 2d 175, 180; see, also, Matter of Ireland, 257 NY 155.)
The elimination of subjective intent and the substitution of the test of change in property as the determinant for ademption does not fully and finally conclude the matter, however. There appears to yet remain for consideration the substantiality of the change effected in the property bequeathed.
It has been said that a mere formal or insubstantial change in property has no effect on a legacy or devise (7B Warren’s Heaton, Surrogate’s Court, § 90, par 6). To avoid ademption, however, the change must be one that is limited to a change " 'in name or form only’ ”, said Judge Cardozo in Matter of Brann (219 NY 263, 267) citing Slater v Slater ([1907] 1 Ch 665).
A review of case precedent indicates that the area of change which will qualify for a classification of "insubstantial change” is extremely narrow. It appears to have been limited primarily to those situations which represent a substitution of securities as a consequence of reorganization. Examples of the cases applying the principle of insubstantial change are helpful in determining the application and extent of the principle of insubstantial change.
In Matter of Martin (252 NY 582) a legacy of a number of shares of stock of one par value was held not defeated by the testator’s exchange in his lifetime for a different number of shares of stock in the same company and at a different par value.
Similarly, in Matter of Bradley (119 Misc 2), a bequest of stock in one national bank was held not adeemed by the *95 dissolution of that bank when substituted shares were taken out in a successor bank.
Pruyn v Sears (96 Misc 200) also held that stock in a successor company passed to the named legatee.
In Matter of Startup (207 Misc 310) the concept of insubstantial change was applied by the court to a legacy of corporate hotel bonds when it appeared that during decedent’s lifetime the bonds were exchanged for corporate stock as a result of reorganization. The court concluded that the change was in form and name only. This case is important in that it approved a substitution of one kind or type of security for another.
While it is arguable that an extension of the principle in Matter of Startup would permit substitution of corporate stock for partnership interest, the court concedes it has found no prior precedent which extends that far. The substitution of corporate stock for corporate bonds in Matter of Startup appears to represent the maximum extension of change which has been judicially determined to be insubstantial. The currently strict application of the rule that change effects an ademption by our appellate courts leaves the decision in Matter of Startup questionable.
In addition to the question of change in type of securities, there is an additional factor to be considered in the instant case on the issue of substantial or insubstantial change. It is the quantum of legal and equitable interest before and after the change. Initially, the testator was one of two partners in a partnership burdened by a debt to a third-party creditor. As to management and profits his position was coequal with his partner. As to debt, there was a possibility of personal liability for him and his partner if partnership assets proved insufficient.
Under the change of substituting corporate stock for partnership interest, the debt previously owed has been eliminated as has the possibility of personal liability for it. While the interest of the testator as a stockholder continues coequal with his former partner, the testator has, nonetheless, lost his coequal position as to management. This is the result of conversion of the former creditor to a minority stockholder capable of controlling the corporation by jointure of voting interest with either the testator or his former partner.
The court is of the opinion that a conversion from the position of coequal partner to one of a minority corporate *96 stockholder cannot properly be regarded as one of mere form and insubstantial consequence. If that were the only consideration the decision would be for ademption. However, for reasons next stated, the court does not reach that conclusion.
What is significant to the court is the fact that the legacies given by the testator under paragraph fourth and fifth of his will were gifts of the "proceeds” of his partnership interest.
Two old cases, Gardner v Printup (2 Barb 83) and Beck v McGillis (9 Barb 35) point up the importance of the noted fact. In both cases, the subject matter of the legacy was a bond and mortgage. In both, the particular securities passed out of existence during the life of the testator and were replaced by new obligations owned by the testator at the time of death.
In Gardner v Printup (supra) the court held there was no ademption and the legatee was awarded the new securities. A result to the contrary was held in the case of Beck v McGillis (supra).
As was observed in New York Surrogate Law and Practice (3 Butler, § 2145, p 197), the diversity of results in the two cases appears inexplicable until it is considered that in Gardner v Printup the legatee was given the "proceeds” of the described securities, whereas, in Beck v McGillis, it was the particular securities owned at death that were given. In Gardner v Printup, the new securities were held to comply with the description of "proceeds” of those originally held at the date of the will, whereas, in Beck v McGillis, there was nothing in existence which complied with the description of the gift in the will.
Since the legacies in paragraphs fourth and fifth of the will for construction are of the "proceeds of sale” of the partnership interest, the court determines that the corporate stock taken by the testator constitutes "proceeds of sale” of his partnership interest. Accordingly, the court holds on construction that there is no ademption as a consequence of the conversion of the partnership interest to corporate stock. Thus, the legatees of interests in the "proceeds of sale” of the partnership interest under paragraphs fourth and fifth of the decedent’s will are awarded interests in the corporate stock as such "proceeds of sale”.
There remains only the problem of the direction to the executrix in paragraph third to effect a sale of the partnership interest to testator’s son, Rodney L. Block, for fair *97 market value. Since the partnership interest has been replaced by corporate stock, literal compliance with this direction is impossible. However, since it appears clear, and this court finds on construction, that the direction for sale was for the purpose of reducing the business interest of the testator, as well as his residuary estate, to cash in order to provide for directed investment and the production of income for the surviving wife, the same direction for sale should prevail for the corporate stock. Accordingly, the court directs the executrix to sell the corporate stock of the testator to Rodney L. Block for "its fair and reasonable market value”. Following such sale she is directed to make distribution of the proceeds of the sale of that stock in accordance with the provisions and interests provided in paragraphs fourth and fifth of the will.