Minnie L. McClure *et al.,* Complainants, Appellees, *v.*
William Keeling *et al.,* Defendants, Appellants.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

GREEN, WEBB & BASS, for complainants, appellees.

JOHN A. AYRES, for defendants, appellants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Bill filed to construe the will of W. K. McClure, Sr., and for other relief. Testator died in Knox County, in 1921. Among other properties which he owned was a lot on Clinch Street in the City of Knoxville, on which is located the Oxford Hotel. This building is built five feet above the street level and is reached by steps, is old and dilapidated, and cannot be rented for enough to pay taxes and insurance. Testator was survived by his wife and four children, all of whom join in this suit as complainants. These four children were of age when the bill was filed. The defendants are the minor children of the four complainant children, and the unborn heirs of W. K. McClure, Sr.

It is the theory of the bill that under a proper construction of testator's will complainants have the power and authority to sell said Oxford property, or to mortgage it to raise funds to remodel or repair it, and they purpose to do the latter.

The guardian *ad litem* filed a sworn answer, in which the situation and condition of the property as set forth in the bill was admitted to be correct.

The cause was heard on the bill and answer, and the chancellor decreed that under a proper construction of the will complainants had a right to mortgage said prop-

erty for the purpose stated. He further held that it was manifestly to the interest of defendants that the property be mortgaged in order that it might be improved, and, under the inherent power vested in the chancery court, consented on behalf of defendants that the property be mortgaged in order that the necessary improvements be made. The guardian *ad litem* has appealed, and assigned the action of the chancellor for error.

The will of testator, in its entirety, is as follows:

"Knoxville, Tennessee.

"This is my last will and testament.

"I hereby will and give to my wife Minnie L. McClure everything that I own both real and personal, the life insurance and money on hand shall be used to pay my just debts and the remainder if any, shall be invested in Knoxville improved real estate. The real estate now owned by me or any that may be bought with the insurance money or any cash on hand when I die shall remain and be the property of my said wife during her lifetime, and at her death it shall be the property of my children then living to do as they please with, meantime all the income from the real estate or any other source may be used to complete the children's education and for the maintenance in a comfortable and respectable manner— I further desire that Sarah Lewis shall have her home and maintenance at the home of my wife and children' so long as she remains single and I appoint all of my children Co-Executors with my wife in managing the estate—without bond, or pay.

"W. K. McClure.

"This will is extended on this 20th day of Nov., 1911. Robert L. McClure having been born since the above will was made and executed, I hereby direct that the Executors named in the will shall be Robert L. Mc-

Clure's guardian, without bond or pay. There shall be no improved real estate sold without the consent of every one of the Executors until Robert L. McClure is twenty-one years old.

"The income from all stocks, bonds and real estate shall first be used for the maintenance and education of my children and the maintenance and care of my wife and so long as she may live or remain single. If she should marry the whole estate embracing every kind of property shall go to and be the property of my children. Any disposition made of any of my property must be agreed to by all the Executors. The Executors shall have full control but only those over twenty-one years of age shall have a vote.

"W. K. McClure."

We are thoroughly satisfied that testator purposed that when his youngest child attained his majority this property could be sold or mortgaged, provided all of his executors consented thereto. In other words, since they were the primary beneficiaries of his bounty and would all have reached the age of maturity and discretion by the time his infant son became of age, he intended that the disposition of this property should be intrusted to the will and judgment of his executors. It is impossible to reach any other conclusion without ignoring these salient provisions of the will.

In 28 Ruling Case Law, 217-218, it is said:

"It is presumed that every word is intended by the testator to have some meaning, and no word or clause in the will is to be rejected to which a reasonable effect can be given. Where two constructions are suggested, the one disregarding a word or clause of a will, and the other giving effect to the will as a whole, the latter must be adopted. No part of the instrument is to be discarded

unless in conflict with some other part, in which case that part will be enforced which expresses the intention of the testator. Provisions apparently in conflict should be reconciled if this can be reasonably done.

"The intention of the testator need not be declared in express terms in the will, but it is sufficient if the intention can be clearly inferred from particular provisions of the will, and from its general scope and import. The courts will seize upon the slightest indications of that intention which can be found in the will to determine the real objects and subjects of the testator's bounty. The inference as to the intent need not be irresistible or such as to exclude all doubts possible to be raised, but must, nevertheless, be such as to leave no hesitation in the mind of the court, and must not rest on mere conjecture. In discovering the intention of the testator by judicial construction, the courts should apply natural methods of finding and weighing evidence."

██ Upon the other phase of the cause, we are of the opinion that the chancery court cannot order the sale of property belonging to minors for manifest interest, even where their guardian *ad litem* admits the allegations of the bill with respect thereto, in the absence of proof justifying the sale.

For the reasons stated, the decree of the chancellor will be modified as indicated herein, and affirmed.