Joseph A. Cox, S.
The issues in this accounting proceeding have been raised by the special guardian appointed to safeguard the rights of the testator’s alleged incompetent widow for whom no committee has been appointed. Two of the three accounting executors are the testator’s son and daughter. No charge of bad faith or overreaching is made against the executors. On the contrary, the special guardian concedes that the executors have taken certain steps that they were not obligated to take to assure the widow’s comfort and well-being.
The crux of the special guardian’s objections revolve around the manner in which the trusts created under the testator’s will were finally set up by the executors. The will of this testator created a marital deduction trust for the benefit of the widow, a trust of one half of the residuary estate also for the benefit of the widow and a trust of the remaining one half of the residuary estate for the benefit of his two children.
The paragraph creating the marital deduction trust contains language which more or less conforms to a set formula which has been devised by will draftsmen to obtain for estates maximum estate tax deduction and the resultant maximum tax savings.
The pertinent provisions of the testator’s will read as follows: “ Second: -A. I give and bequeath to my Trustees hereinafter named, in trust, nevertheless, a sum equal to fifty (50%) per cent of the amount by which my gross estate exceeds the aggregate of my debts and funeral and administration expenses (excluding from such debts and expenses all legacy, transfer, inheritance, estate, succession or death taxes imposed upon my estate or payable because of my death) but from which sum of fifty (50%) percent there shall be deducted an amount equal to (1) the value of the proceeds of all insurance policies on my life, which are includible in my gross estate, to the extent they qualify for the marital deduction allowable under the Internal Revenue Code, (2) the value of the bequest to my wife provided for in Paragraph ‘ First ’ of this my Last Will and Testament, and (3) the value of all jointly owned property which is includible in my gross estate to the extent that such property qualifies *409 for the marital deduction allowable under the Internal Revenue Code. My Trustees shall hold and invest this trust fund, collect the income thereof and pay all the income in at least quarter-yearly instalments to my wife, pouline, during her life. * * *
“ D. For the purposes of this Paragraph ‘ Second ’, (a) the phrase 1 my gross estate ’ means my total gross estate as computed and finally determined in the Federal Estate Tax proceeding on my estate; (b) the amount of my funeral and administration expenses and debts (including incumbrances and liens upon any property included in my gross estate) shall be as finally allowed in such proceeding; and (c) the value of the bequest (reduced by any incumbrances or liens thereon), insurance proceeds and jointly owned property, to be deducted as hereinabove provided, shall be as finally determined in such proceeding.”
The determination of the issue created by the objection of the special guardian rests upon the intention of the testator as expressed in his will and if such intention is clearly stated the problem cannot be solved by resort to equitable principles to adjust the interest of the parties. Here the intention of the testator is clear. His purpose was to create a trust for his widow in an amount which would result in the greatest tax saving and, consonant with this objective, he planned his will to provide for a maximum marital tax deduction.
In order to avoid any uncertainty as to his intention the testator exactly defined and fixed the value of the marital trust by stating ‘ ‘ the value of the bequest * * * shall be as finally
determined in such proceeding”. The proceeding referred to was the Federal estate tax proceeding and the language used by the testator constituted a clear authorization to the executors to fix the value of the marital deduction trust in an exact dollar amount and to make distribution to such trust in the manner which is here criticized.
Unlike the wills presented for construction in Matter of Inman (22 Misc 2d 573) and Matter of Bush (2 A D 2d 526, affd. 3 N Y 2d 908) the will in the case at bar is silent as to the values to be used when distribution to the trust is made except paragraph Thirteenth thereof which states that if distribution is made in kind in satisfaction of any bequest the executors’ determination, of the value of the property distributed in kind “ shall be presumptively correct ”. This paragraph grants to the executors a power so broad that it almost contravenes the provisions of subdivision 2 of section 125 of the Decedent Estate Law and had the word “ presumptively ” not been used it would have been in direct violation of the statute. It is the opinion of this court *410 that the paragraph is not applicable because the property transferred to the marital trust had a definite ascertainable market value on the date the transfer was made which could not be varied or changed by any power allegedly granted to the executors. The presumption of correctness with respect to values fixed by the executors can only apply to property as to which there is no ascertainable market value and this also would be subject to review upon the filing of objections. Thus, the power to make the distribution in the manner here complained of is not affected by the provisions of paragraph Thirteenth but is controlled by the rules of law normally governing distribution. Under those rules, unless a will expressly states to the contrary, the values to be used are the values of the property on the date the distribution is made.
The executors herein, after the gross estate had been fixed in the Federal estate tax proceeding, proceeded to carry out the testator’s intent by fixing the amount of the marital deduction trust in the sum of $170,662.86 which is exactly one half of the adjusted gross estate after certain proper and permissible deductions. As the will contains a direction that the marital deduction trust be made up as far as possible out of assets other than the stock of the New York Silicate Book Slate Company, Inc., the testator’s family-owned corporation, the executors upon the date of distribution, January 4, 1960, using the value of the securities on that date distributed to the marital trust cash and securities and so much of the New York Silicate Book Slate Company stock necessary to equal the sum of $170,662.86.
During the period of administration the assets other than the New York Silicate Book Slate Company stock rose in value and it is the contention of the special guardian that the executors by treating the marital trust as a fixed dollar legacy deprived the widow of any increase in values which occurred during the period of administration. The New York Silicate Book Slate Company stock was valued at $190 per share in the Federal estate tax proceeding and no new valuation was made with respect to such stock on the date of distribution. It is doubtful that the position taken by the special guardian would be the same if there had been a decrease in the value of the other assets of the decedent’s estate during the period of the administration. The testator who controlled the corporation knew that no dividends had ever been paid on the New York Silicate Book Slate Company stock and that conceivably there never would be any dividends paid on such stock and it is the opinion of this court that the direction of the testator above referred to and the will when read as a whole show only an intent to provide adequate *411 income for Ms widow during her lifetime and cannot be construed in the manner contended for by the special guardian. The objections of the special guardian in this respect are therefore overruled (Matter of McTarnahan, 27 Misc 2d 13).
The allocation and distribution of the income earned during the course of admimstration is equitable and carries out the testator’s plain intent. The objections of the special guardian in this respect are therefore also overruled.
The special guardian’s objection with respect to the excess of commissions amounting to $969.69 charged as an admimstration expense in computing the marital trust is sustained. In the Federal tax proceedings commissions in the amount of $29,169.78 were allowed and pursuant to the testator’s specific directions contained in subdivision “D” of paragraph Second of the testator’s will, only tMs figure can be used in computing the size of the marital trust. The excess of commissions not allowed in the Federal estate tax proceedings must, therefore, be charged against the residuary estate.
The testator who during his lifetime controlled the corporation never caused any dividend to be declared on its stock and there is not sufficient evidence submitted to warrant any action by this court with respect to the special guardian’s charge that the executors who are also members of the board of directors of the family-owned corporation, New York Silicate Book Slate Company, Inc., should be forced to declare a dividend. Although the corporation, has accumulated a large earned surplus, many other factors must of necessity be considered by the corporate board of directors before a decision to declare dividends can be reached. Lacking all the facts the court is not in a position to take any judicial action.
The executors are, therefore, directed to amend their account in accordance with the disposition of the issues herein made. The attorney fiduciary is directed to serve and file Ms affidavit of legal services in support of his application for compensation under section 285 of the Surrogate’s Court Act. Proceed accordingly.