First American National Bank, etc.

*v.*

G. F. Cole, Jr., Trustee, et al.

364 S. W. 2d 875.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

214

PHILLIPS, GULLETT & STEELE, Nashville, for cross-complainant-appellant, Mrs. Frances Carter Steele.

J. O. BASS, BASS, BERRY & SIMS, Nashville, for cross-defendants-appellees, Mrs. Jane Carter Lackey, and Harrington A. Lackey.

GOODPASTURE, CARPENTER, WOODS & COURTNEY, Nashville, for cross-defendant-appellee, First American National Bank.

Thomas Wardlaw Steele, Nashville, for G. F. Cole, Jr., trustee.

Val Sanford, Nashville, for minor cross-defendants, Eric Steele and others.

Mr. Justice Felts delivered the opinion of the Court.

This suit involves the construction of the will of Mrs. Frances Carter, deceased, with respect to the duration or existence of a trust provided by the will for the benefit of her husband, James DeWitt Carter; her two daughters, Mrs. Frances Carter Steele, and Miss Jane Carter; and any other child that might be born to her, and the descendants of any deceased child of hers.

The suit originated by bill by the Bank as executor to sell certain land of the estate to pay death taxes, etc., which matters are not is dispute. The controversy arose upon the cross-bill filed by Mrs. Frances Carter Steele against the other daughter, now Mrs. Jane. Carter Lackey, and the Bank, named as testamentary trustee, seeking a

construction of the will and a decree that no trust now exists and the estate should be paid over to these two daughters, they being the only beneficiaries.

Cross-defendants, Mrs. Lackey, and the Bank, as trustee, filed demurrers to the cross-bill. The Chancellor sustained the demurrers and dismissed Mrs. Steele's cross-bill. She appealed, and insists that, upon a proper construction of the will, no trust thereunder now exists, because Mrs. Steele and Mrs. Lackey, the only beneficiaries, have both attained the age of 30 years, the time fixed for payment of the estate to them; and that the same should now be paid them, free of any trust.

The facts averred by the cross-bill, and admitted by the demurrers, are that Mrs. Frances Carter, a resident of Davidson County, Tennessee, made the will November 10, 1949. After providing for payment of her debts, including inheritance taxes, and after making gifts of her household effects, none of which is here involved, she devised the residuum of her estate to the Bank, as trustee, to be held, managed, and paid over by it to the beneficiaries as set out in the trust.

These beneficiaries were her husband, James DeWitt Carter, her two daughters, Mrs. Steele and Miss Jane Carter (now Mrs. Lackey); and "any other child or children" that might be born to her, and the "descendants" of any child of hers that might be deceased at the time of her death. The trustee was directed to divide the trust estate into two parts, Trust "A" for her husband, and Trust "B" for the other beneficiaries.

It was further provided that if her husband did not survive her, the two trusts should be consolidated and

administered as one trust for the other beneficiaries. Her husband did not survive her. He died in January 1957, and she died March 20, 1960. Nor was there any other child born to her; nor is there now any descendant of any deceased child of hers.

So her two daughters, Mrs. Steele and Mrs. Lackey, are the only beneficiaries, and her sole heirs at law and next of kin. At the time of her death, Mrs. Steele was 39 years of age and Mrs. Lackey was 35 years of age.

Mrs. Steele contends that the intention of the testatrix was that each child's share should be held until she reached the age of 25, when one-half of it should be paid to her, and the other half paid when she reached the age of 30; and that since both beneficiaries are more than 30 years of age, no trust exists, and the share of each should be paid to her, free of any trust. She bases this mainly upon Item VI, section 1 (d) and (e) of the will, which we quote:

"(d) Provided, however, that if my said husband fails to exercise the power of appointment hereby expressly given him with reference to Trust A, then the Trustee shall upon the death of my said husband, consolidate Trust A with Trust B and divide the trust estate into as many equal shares as there shall be children of mine then living, or deceased children of mine leaving a descendant or descendants then living, a child's share to be set apart for the descendants of any such deceased child of mine, and shall hold and distribute these shares as follows: Each child's share shall be held until such child attains the age of twenty-five (25) years at which time such child shall be paid

one-half (½) of his distributive share of the trust estate.

"When such child attains the age of thirty (30) years, but in no event sooner than five (5) years after payment of the first installment, such child shall be paid all of the remainder of his distributive share of the trust estate. In the meantime, the Trustee may continue to use the income or part or all of the principal, in the discretion of the Trustee, for the maintenance, education and support of such child.

"(e) In the event of the death of any of my said children before such child has been paid all of his distributive share, then the share of the trust estate being held under the provisions aforesaid for such child or children so dying, shall vest immediately in and be distributed to and among the husband or wife of and children of such child then living, share and share alike. Provided further, that during the period a child of any such deceased child of mine is under the age of twenty-one (21) years, the Trustee shall retain possession of such child's share and use so much of the principal or income therefrom as in the opinion of the Trustee is necessary, and in such manner as it thinks best, for the maintenance, comfort and education of such child. * * *,,

The cardinal rule in the construction of all wills is that the court shall seek to discover the intention of the testator, and will give effect to it unless it contravenes some rule of law or public policy. That intention is to be ascertained "from the particular words used, from the context, and from the general scope and purpose of the

instrument." *Hoggatt v. Clopton,* 142 Tenn. 184, 192, 193, 217 S.W. 657, 659.

■ Every word or clause of the will will be given effect, if possible; and no part of it will be rejected where it can be reconciled with other parts of the will and given reasonable effect. *McClure v. Keeling,* 163 Tenn. 251, 43 S.W.2d 383; *American National Bank & Trust Co. v. Mander,* 36 Tenn. App. 220, 226, 227, 253 S.W.2d 994.

■ When a controlling or predominate purpose of the testator is expressed, it is the duty of the court to effectuate that purpose, and to construe all subsidiary clauses so as to bring them into subordination to such purpose. The language of a single sentence is not to control as against the evident purpose and intent shown by the whole will. *East v. Burns,* 104 Tenn. 169, 181, 56 S.W. 830; *Owen v. Owen,* 8 Tenn. App, 246, 250, and cases there cited.

Looking to the will as a whole, in the light of the above rules, and particularly to the parts of the will above quoted, it appears that the testatrix contemplated and intended to provide for these contingencies:

(1) To provide Trust "A" for the "maintenance, comfort and support" of her husband, in the event he survived her.

(2) If he did not surive her, to combine Trusts "A" and "B" (all the residuum) into one trust estate, and to divide it into an equal share for each of her children, to be held and managed for their maintenance, education and support.

(3) As she then had but two children (Mrs. Steele and Mrs. Lackey), they would equally share the trust estate, except in the contingencies of there being another

child or children born or descendants of any deceased child of hers.

(4) She also contemplated and intended that the trustee should hold each child's share "until such child attains the age of twenty-five (25) years," and pay over half of it then and the balance when the child "attains the age of thirty (30) years, but in no event sooner than five (5) years after payment of the first installment, such child shall be paid all of the remainder of his distributive share of the trust estate."

Upon the whole will, we think it shows that the testamentary scheme and predominate purpose of the testatrix, with respect to these two daughters (and any other child that might be born to her), was to provide for their maintenance, education and comfort, to protect them during their earlier years from inexperience and immaturity, by having the trustee hold the share of each until she attained the age of 25 years, and to pay her one-half of her share then, and the balance five years later, when she attained the age of 30 years.

When any daughter, normal and intelligent, as these two are shown to be, has attained the age of 30 years, she is usually regarded as having gained the experience and wisdom of full maturity; and this was doubtless contemplated by the testatrix; for she directed each daughter's share to be paid to her, one-half when she was 25, and the other half when she became 30 years of age.

Such was the period of the trust. The testatrix contemplated and intended to provide for the contingency that she would die, her will take effect, and the shares of each of these daughters be held by the trustee *until* she at-

tained the age of 25 years, when one-half of it would be paid her, and the balance no sooner that five years, *when she became 30 years of age.*

In such a contingency, there could be no conflict between the two parts of the provision as to the second installment that, (1) it should be paid when she attained *the age of 30 years,* (2) "but in no event sooner than five (5) years after payment of the first installment, such child shall be paid all the remainder of his distributive share * *" In such case, both parts of the provision could be reconciled and applied.

Clearly, the two parts of this provision were intended to apply *only* to the contingency above stated, *where each child's share would be paid in installments,* the first being paid *when she attained the age of 25 years;* and the second in no event sooner than five years later, when she attained the age of 30 years. Such provision could not have been intended to apply to a case like that before us, where no installment or part of the share had been paid until after the beneficiary had attained more than the age of 30 years.

To hold that part (2) of the provision above quoted applies and controls in a case like this where no installment of any child's share has been paid and where each child was more than 30 years of age before the will took effect, would be to bring such provision into conflict with the testamentary scheme and predominate purpose of the testatrix to provide for her children by the trust during their earlier years, and to terminate the trust by paying over all of the share of each child on reaching the age of 30 years.

■ It is true that this trust was not a dry, but an active, trust—one imposing an active duty upon the trustee. *Jourolmon v. Massengill,* 86 Tenn. 81, 5 S.W. 719. But the trustee took only such quantity of interest as the purposes of the trust required; and where the period of the trust has elapsed, and its purposes have been accomplished, the trust ceases, and the legal title vests in the beneficiary. *Ellis v. Fisher,* 35 Tenn. 231; *Winters v. March,* 139 Tenn. 496, 501, 202 S.W. 73; *Tramell v. Tramell,* 162 Tenn. 1, 34, 32 S.W.2d 1025, 35 S.W.2d 574.

■ ■ For these reasons, we conclude that, upon a proper construction of the will, no trust now exists, and that the shares of each of the beneficiaries, Mrs. Steele and Mrs. Lackey, should be paid over to them. But we think it is proper that the costs be taxed against the estate. The decree of the Chancellor is reversed and a decree will be entered here as above indicatd, and the case will be remanded for further proceedings not inconsistent with this opinion.