ESTATE OF DOYLE J. SMITH, DECEASED, CHRISTINE C. SMITH and DOYLE J. SMITH, JR., CO-EXECUTORS, Petitioner v. COMMISSIONER FR INTERNAL REVENUE, Respondent
Estate of Smith v. Commissioner
Docket No. 829-76.
United States Tax Court
T.C. Memo 1978-175; 1978 Tax Ct. Memo LEXIS 342; 37 T.C.M. (CCH) 745; T.C.M. (RIA) 780175; May 10, 1978, Filed Donald W. Pemberton, for petitioner. Wm. Robert Pope, Jr., for respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $26,868.00 in petitioner's Federal estate tax. The sole issue for decision is whether property passing to a testamentary trust qualifies for the marital deduction under section 2056. [1]
All of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Doyle *344 J. Smith (decedent) died testate on January 30, 1972, a resident of Shelby County, Tennessee. On February 4, 1972, decedent's last will and testament was admitted to probate in the Probate Court of Shelby County, Tennessee, and Christine C. Smith and Doyle J. Smith, Jr., were appointed executors of the decedent'sestate. The Federal estate tax return for the decedent's estate was filed on October 30, 1972, with the Internal Revenue Service Center at Memphis, Tennessee. Part IV of decedent's will, which was signed on January 4, 1963, created a trust for the benefit of his wife (hereinafter sometimes referred to as the "marital deduction trust"), as follows: IV I give, devise and bequeath to The First National Bank of Memphis, Tennessee, the following-described property, to hold and use the same as Trustee, upon the terms and conditions set forth hereinafter: Property in an amount equal to the maximum estate tax marital deduction (allowable in determining the Federal estate tax on my gross estate), diminished by the value for Federal estate tax purposes of all other items in my said gross estate which qualify for said deduction and which pass or have passed to my wife under *345 other provisions of this Will, or otherwise. In making the computations necessary to determine the amount of this gift, the final determinations in the Federal estate tax proceedings shall control. Said trust estate shall belong to my wife, Christine Cain Smith, and the same shall be held and distributed by said Trustee for the use and benefit of my said wife in the proportions and in the manner and under the terms and conditions herein set out: 1. The Trustee shall pay to Christine Cain Smith the net income from said trust for the remainder of her natural life. Said payments shall be made at least annually, but may be made more frequently at the discretion of the Trustee. 2. Said Chrintine [sic] Cain Smith shall have the absolute power of appointment over the corpus of said trust, provided, however, the said power may not be exercised in her own favor. 3. Said power of appointment may be exercised only by a valid Will of my wife, which specifically states that she is exercising this particular power. 4. If my wife should die without exercising said power of appointment, then, in such event, the property remaining in trust shall be added to the trust established *346 herein for my children and shall become subject to all the terms and conditions of such trust. The residue of the estate was bequeathed to a trust, the income of which was to be either accumulated or distributed, in the trustee's discretion, to a class composed of decedent's wife and children (hereinafter sometimes referred to as the "residuary trust"). The will granted the trustee certain powers and protection from liability in the exercise of its discretion. The pertinent provisions are: VII The Trustee named in both trusts shall have complete and absolute power to determine what property shall constitute the corpus of each of the two trusts established herein, and also, their decision in connection with valuation of said property shall be conclusive. VIII It is my intention that my Executors and Trustee shall have all the powers and immunities necessary to handle my estate and both trusts herein created according to its best judgment and for the best interest of the beneficiaries, and without imposing any restrictions upon said powers and immunities, but in amplification of the same, I herby [sic] expressly authorize and empower the Executors, with respect to my *347 estate, and the Trustee, with respect to the trusts created herein, in its sole and absolute discretion: 1. To purchase or otherwise acquire, and to retain, whether originally a part of my estate or subsequently acquired, any and all stocks, bonds, notes or other securities, and/or any variety of real or personal property, including stocks or interests in investment trusts and common trust funds, as it may deem advisable, whether or not such investments be of the character permissible for investments by fiduciaries, or be unsecured or unproductive. Investments need not be diversified and may be made or retained with a view to a possible increase in value. The Executors or the Trustee may, at any time, render liquid my estate or the trust estates, in whole or in part, and hold cash or readily [sic] marketable securities of little or no yield for such period as it may deem advisable. * * *
X The Trustee hereunder shall not be liable for any action taken by it in good faith in the exercise of the powers and discretions herein granted. The Trustee named herein, and the Sucessor [sic] Trustee, or Trustees, shall not be required to give any bond or furnish any manner *348 of security nor make any accounting in any court, and any Successor Trustee, or Trustees, shall succeed to all powers, discretions and immunities granted to the original Trustee. The trustee of the marital deduction trust has not executed any agreements modifying its powers as set forth in the decedent's will. On the estate tax return, petitioner claimed a marital deduction of $312,469.26. [2] Respondent disallowed $162,289.07 of this deduction, which was the amount claimed for property passing to the marital deduction trust. Section 2056(a) allows an estate a deduction for certain property interests passing to the decedent's surviving spouse. A deduction is allowed in the case of a life estate with a power of appointment in the surviving spouse if all the requirements of section 2056(b)(5) are met. That subsection requires, inter alia, that the surviving spouse be entitled for life to all the income and have a power of appointment exercisable in favor of the surviving spouse *349 or his or her estate. [3]
*350 The parties agree that the property passing to the wife's trust qualifies for the deduction, if at all, under section 2056(b)(5), but disagree as to whether the wife is considered entitled to all the income and whether her power of appointment meets the specifications of that subsection. Respondent also contends that the deduction is not allowable because, under Rev. Proc. 64-19, 1964-1 C.B. (Part I) 682, the value of the interest is considered unascertainable at the date of death since the trust may be funded at estate tax values with assets chosen in the discretion of the trustee. We hold that the interest qualifies for the marital deduction under section 2056(b)(5). Respondent contends that the wife's power of appointment over the marital deduction trust is 5xercisable neither in favor of herself nor her estate. Decedent's will states that the wife's power of appointment "may not be exercised in her own favor" and then in the next sentence states that it may only be exercised by her will. Respondent reasons that it is impossible for the wife to exercise the power of appointment in her own favor because it can only be exercised by will and that, therefore, the *351 clause prohibiting her from exercising the power in her own favor must be construed as preventing her from exercising it in favor of her estate. In resolving this issue, we must determine the extent of the wife's interest according to Tennessee law. Commissioner v. Estate of Bosch,387 U.S. 456 (1967). Tennessee courts follow the usual rule that the testator's intent is to be ascertained by looking to the entire will. Marin v. Taylor,521 S.W.2d 581 (1975); First American National Bank v. Cole,211 Tenn. 213, 364 S.W.2d 875 (1963). The Supreme Court of Tennessee has summarized the rule in the following manner: The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it, unless it contravenes some rule of law or public policy. That intention is to be ascertained from the particular words used, from the context, and from the general scope and purpose of the will, read in the light of the surrounding and attending circumstances. [Moore v. Neely,212 Tenn. 496, 370 S.W. 2d 537, 540 (1963)]. With this rule as our guide, we conclude *352 that decedent intended that his wife have the power to appoint the marital trust in favor of her estate. Although respondent's interpretation has a certain logic to it, he has failed to take into account the fact that the draftsman of decedent's will was obviously cognizant of the provisions of section 2056, as evidenced by the specific reference in Paragraph 4 to "the maximum estate tax marital deduction allowable in determining the Federal estate on my gross estate." Moreover, although the evidence of decedent's intent from the although the evidence of decedent's intent from the use of the words that "the trust estate shall belong to her" and that the power of appointment was to be "absolute" is tempered by the subsequent negation of the exercise of the power in her favor and the restriction of her power to appoint to that of a testamentary power, [4] the words 78belong" and 78absolute" should be given some consideration. Finally, we note that the general rule is that "the general testamentary power is the equivalent of ownership with this considerable limitation; the donor has provided that no appointment shall be effective until the donee's death and, therefore, the donee cannot *353 appoint to himself though he can appoint to his estate or to any other person whomsoever after his death." See 3 Restatement of Property, Introductory Note to Chapter 25, p. 1814. See also Page On Wills (Rev. ed. 1962) sec. 45.12. Section 2056(b)(5) merely requires that the surviving spouse's power of appointment be exercisable "in favor of such surviving spouse, or of the estate of such surviving spouse." Considering the distinction made by the statute between the spouse and the spouse's estate, the similarity between the language of the will and the language of the statute, and the general rule as to the scope of a general testamentary power of appointment, we think the testator intended to prohibit his wife from exercising the power in her own favor, but not from exercising it in favor of her estate. Cf. Guiney v. United States,425 F.2d 145 (4th Cir. 1970). Respondent next contends that, under his regulations *354 construing section 2056(b)(5), [5] decedent's wife is not considered entitled to all the income from the marital deduction trust because of the provisions granting the trustee discretion to invest in nonproductive property and shielding the trustee from liability for all actions taken in good faith. We disagree. Under respondent's regulations, a trust that designates the surviving spouse as life beneficiary is not disqualified unless the terms of the trust and the surrounding circumstances evidence an intent to deprive her of such beneficial enjoyment. Sec. 20.2056(b)-5(f)(1), Estate Tax Regs. Respondent's regulations further state that broad administrative powers will not disqualify an interest passing in trust unless the grant of powers evidences an intent to deprive the surviving spouse of beneficial enjoyment. Sec. 20.2056(b)-5(f)(4), Estate Tax Regs. *355 As we read respondent's regulations, the key factor is whether the decedent's grant of administrative powers to the trustee has such an explicit degree of breadth as to bring into question whether the decedent really intended that the surviving spouse have the full benefit of the life interest in the marital trust. Thus, we think that the series of specific powers, described in section 20.2056(b)-5e8f)(4), Estate Tax Regs., are merely illustrative and should not be construed as negating other powers which do not rise to the requisite degree of explicitness. We find it unnecessary to define the precise degree of explicitness that will trigger disallowance of the marital deduction. It is enough for us to hold, as we do, that the powers involved herein are not beyond the pale. The composition of decedent's estate was not unusual and consisted almost entirely of real estate, stocks, cash and accounts receivable from decedent's dental practice. [6] By statute, in Tennessee, a fiduciary is given broad powers of investment, subject to the prudent-man standard, unless the governing instrument prescribes or prohibits a particular mode of investment or otherwise limits such powers by *356 a clear expression to the contrary. [7] See Tenn. Code Ann. secs, 35-319 and 35-320 (1977). That the will herein limited the trustee's liability to a "good faith" standard and relieved it of making "any accounting in any court" may give the trustee herein some greater degree of flexibility than might otherwise obtain with respect to flexibility than might otherwise obtain with respect to diversification and making unproductive investments. We are satisfied, however, that such flexibility would not be so extensive that it should operate to deprive the widow of the beneficial enjoyment requisite to the allowance of the marital deduction herein. Similar considerations cause us to reject respondent's suggestions based upon section 20.2056(b)-5(f)(5), Estate Tax Regs., that the primary purpose of the trust is to safeguard the trust property without providing decedent's widow with the requisite beneficial enjoyment. *357 We are reinforced by the provisions of Tenn. Code Ann. sec. 35-322 (1977), which we read as giving the courts an overriding authority to control a fiduciary's actions irrespective of the provisions of the governing instrument. [8] Further support for our conclusion can be derived from the fact that the trustee is a bank and that the opportunities for collusion that might other-wise exist in a family situation are not a consideration here. Nor are we impressed by respondent's suggestion that the trustee had the power to place only nonproductive assets in the marital deduction trust and the productive assets in the residuary trust, the income of which was to be shared by the widow and the children. See p.4, supra. The constraints under Tennessee law and the presence of an independent trustee, coupled with the clear intention of the decedent to provide for the widow and take advantage of the marital deduction, strongly militate against such a scenario. *358 In light of all the circumstances, we conclude that the administrative provisions in question evidence no more than an intent to provide for ease of trust administration and that the situation falls well within the permitted bounds of respondent's regulations. Indeed, if we were to accede to respondent's position to the contrary, it is hard to visualize a situation where a marital deduction would ever be allowed under the will of a decedent-resident of Tennessee containing the powers usually granted to trustees. Lastly, respondent contends that, under Rev. Proc. 64-19, supra, decedent's bequest fails to qualify for the marital deduction. Rev. Proc. 64-19 is applicable where an executor or trustee is authorized to satisfy a pecuniary bequest or transfer in trust (specific or formula) to a surviving spouse with assets in kind at values as finally determined for estate tax purposes; a marital deduction is allowed in such cases only if governing state law or the instrument requires that the fiduciary distribute assets "having an aggregate fair market value at the date * * * of distribution amounting to no less than the amount of the pecuniary bequest" *359 or requires that the fiduciary distribute assets that are "fairly representative of appreciation or depreciation in the value of all property thus available for distribution." Respondent argues that the provisions of decedent's will create the situation described in Rev. Proc. 64-19, and that, since the conditions of that pronouncement have not been satisfied, the marital deduction herein must be disallowed. For reasons which hereinafter appear, we disagree. At the outset, we note that Rev. Proc. 64-19 was designed to prevent the use of assets at estate tax values to satisfy the marital deduction bequest where the assets had depreciated below those values, because such action would maximize the marital deduction but could minimize the estate tax upon the death of the surviving spouse. See Estate of Hamelsky v. Commissioner,58 T.C. 741 (1972); Polasky, "Marital Deduction Formula Clauses in Estate Planning -- Estate and Income Tax Considerations," 63 Mich. L. Rev. 809 (1965); Lauritzen, "The Marital Deduction," 103 Trusts and Estates 318 (1964). Whatever may be the implications of Rev. Proc. 64-19, either by *360 way of the need therefor or, if needed, its validity or its reach (issues which we do not reach herein), we find that the requirements for the marital deduction herein are satisfied. We note initially that Paragraph VII (see p. 4, supra) of decedent's will does not specifically provide that assets are to be distributed at estate tax values, but merely provides that the trustee's decision as to "valuation" is conclusive. We are far from convinced that this provision goes any further than to empower the trustee to select the assets and determine, without fear of surcharge, the value thereof at the time of distribution. See In re Estate of Kantner,50 N.J. Super. 582, 143 A. 2d 243, 247-248 (1958). Cf. Estate of Hamelsky v. Commissioner,supra.Moreover, even if Paragraph VII should be construed as authorizing distribution upon the basis of Federal estate tax valuations, Tenn. Code Ann. sec. 30-1317 (1977) would seem clearly applicable. [9] We think that there is no provision in the decedent's will which would fall within the exception "unless the governing instrument provides otherwise." Respondent argues that, by granting to the trustee *361 "complete and absolute power" to select assets for each trust, the will "provides otherwise." We think that where, as here, there is a specific statutory mandate to take into account appreciation and depreciation in the value of the estate's assets, the will should not be deemed to provide otherwise in the absence of far clearer language than is found in decedent's will, expressing the intention to disregard that mandate. Such being the case, petitioner herein was required by Tennessee law to allocate to the marital deduction trust its appropriate share of appreciation or depreciation in the value of assets distributed in kind. [10] Thus, however we interpret the will herein, Rev. Proc. 64-19, supra, simply does not apply. *362 We are reinforced in our reasoning by the fact that those state courts which have addressed the question of valuing assets distributed in kind have held that, absent specific instructions to the executor to value assets at a specific date, a pecuniary bequest must be satisfied in cash or assets valued at the time of distribution. E.g.,In re Althouse's Estate,404 Pa. 412, 172 A. 2d 146, 151 (1961); In re Gilmour's Estate,18 A.D. 2d 154, 238 N.Y.S. 2d 624, 629 (3d Dept. 1963); King v. Citizens & Southern Nat. Bank of Atlanta, Ga.,103 So. 2d 689 (Fla. App. 1958); In re Estate of Kantner,supra. Similarly, the will's direction that the trustee's valuation shall be conclusive would not enable it to use estate tax values per se, because general trust principles require the trustee to exercise its discretion in good faith and within the bounds of reasonable judgment. 3 Scott on Trusts 1501 (3d ed. 1967). Cf. In re Gauff's Estate,27 Misc. 2d 407, 211 N.Y.S. 2d 583 (Surr. Ct. N.Y. County, 1960) (statement in will that fiduciary's valuation is presumptively correct ignored when there is a *363 readily ascertainable market value). The long and the short of this case is that we are not prepared, as respondent would have us do, to create out of ambiguous and inartistic language a cleverly constructed scenario of potential manipulation of assets to the detriment of the Federal fisc. Admittedly, the Supreme Court has mandated that the marital deduction provisions of the Internal Revenue Code should be strictly construed ( Commissioner v. Estate of Bosch,supra at 464), but we do not perceive that the mandate extends to precluding us from adopting, within the confines of state law, our own independent, unstrained, and felicitous interpretation of a dead man's language. Cf. Guiney v. United States,supra.
Decision will be entered under Rule 155. Footnotes
1. Unless otherwise specified, all references are to the Internal Revenue Code of 1954, as amended and in effect at the date of death.↩
2. Taking into account other adjustments made by respondent in the notice of deficiency, to which the petitioner agreed, the estate now claims entitlement to a marital deduction of $253,578.85.↩
3. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. (a) Allowance of Marital Deduction. - For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b) and (c), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. (b) Limitation in the Case of Life Estate or Other Terminable Interest. * * *
(5) Life estate with power of appointment in surviving spouse. - In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse - (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse. This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.↩
4. The prohibition of lifetime use of th trust principal by a surviving wife is not an uncommon method of protecting her against pressures to dispense largess, rather than conserve the principal in order to maintain the needed level of income.↩
5. Section 20.2056(b)-5, Estate Tax Regs., provides, in pertinent part, as follows: (f) Right to income. (1) If an interest is transferred in trust, the surviving spousee is "entitled for life to all of the income from the entire interest, or a specific portion of the entire interest," for the purpose of the condition set forth in paragraph (a)(1) of this section, if the effect of the trust is to give her substantially that degree of beneficial enjoyment of the trust property during her life which the principles of the law of trusts accord to a person who is unqualifiedly designated as the life beneficiary of a trust. Such degree of enjoyment is given only if it was the decedent's intention, as manifested by the terms of the trust instrument and the surrounding circumstances, that the trust should produce for the surviving spouse during her life such an income, or that the spouse should have such use of the trust property as is consistent with the value of the trust corpus and with its preservation. The designation of the spouse as sole income beneficiary for life of the entire interest or a specific portion of the entire interest will be sufficient to qualify the trust unless the terms of the trust and the surrounding circumstances considered as a whole evidence an intention to deprive the spouse of the requisite degree of enjoyment. In determining whether a trust evidences that intention, the treatment required or permitted with respect to individual items must be considered in relation to the entire system provided for the administration of the trust. * * *
(4) Provisions granting administrative powers to the trustee will not have the effect of disqualifying an interest passing in trust unless the grant of powers evidences the intention to deprive the surviving spouse of the beneficial enjoyment required by the statute. Such an intention will not be considered to exist if the entire terms of the instrument are such that the local courts will impose reasonable limitations upon the exercise of the powers. Among the powers which if subject to reasonable limitations will not disqualify the interest passing in trust are the power to determine the allocation or apportionment of receipts and disbursements between income and corpus, the power to apply the income or corpus for the benefit of the spouse, and the power to retain the assets passing to the trust. For example, a power to retain trust assets which consist substantially of unproductive property will not disqualify the interest if the applicable rules for the administration of the trust require, or permit the spouse to require, that the trustee either make the property productive or convert it within a reasonable time. Nor will such a power disqualify the interest if the applicable rules for administration of the trust require the trustee to use the degree of judgment and care in the exercise of the power which a prudent man would use if he were owner of the trust assets. Further, a power to retain a residence or other property for the personal use of the spouse will not disqualify the interest passing in trust. (5) An interest passing in trust will not satisfy the condition set forth in paragraph (a)(1) of this section tha the surviving spouse be entitled to all the income if the primary purpose of the trust is to safeguard property without providing the spouse with the required beneficial enjoyment. Such trusts include not only trusts which expressly provide for the accumulation of the income but also trusts which indirectly accomplish a similar purpose. For example, assume that the corpus of a trust consists substantially of property which is not likely to be income producing during the life of the surviving spouse and that the spouse cannot compel the trustee to convert or otherwise deal with the property as described in subparagraph (4) of this paragraph. An interest passing to such a trust will not qualify unless the applicable rules for the administration require, or permit the spouse to require, that the trustee provide the required beneficial enjoyment, such as by payments to the spouse out of other assets of the trust.↩
6. The gross estate also included $229,228.13 of life insurance but the record does not indicate whether the proceeds were payable in such a fashion as to become part of the estate under local law rather than passing directly to the beneficiaries. ↩
7. This reverses the historical rule that a fiduciary is limited to so-called "legal investments" unless the instrument provides otherwise. See Bogert, Trusts and Trustees, sec. 613 (2d ed. 1960).↩
8. Tenn. Code Ann. sec. 35-322 (1977) reads as follows: Sec. 35-322. Power of court of competent jurisdiction.--Nothing contained in secs. 35-319 -- 35-324↩ shall be construed to limit the power of a court of competent jurisdiction to permit a fiduciary to take any action authorized, or to restrain a fiduciary from taking any action, prohibited by a decree of such court, notwithstanding the permissions or restrictions contained in any written instrument under which such fiduciary is acting.
9. That section provides in pertinent part as follows: Whenever an executor, administrator with will annexed or a trustee is empowered under the will or trust of a decedent to satisfy a pecuniary bequest, devise or transfer in trust, in kind with assets at their value for federal estate tax purposes, such fiduciary, in order to implement such a bequest, devise or transfer in trust, must, unless the governing instrument provides otherwise, distribute assets, including cash, fairly representative of appreciation or depreciation in the value of all property thus available for distribution in satisfaction of such pecuniary bequest, devise or transfer. The provisions of this section are not intended to change the law presently applicable to fiduciaries in this state, but are a statement of the fiduciary principles applicable to such fiduciaries and are declaratory of the present law of this state. ↩
10. Respondent's semantical attempt to circumscribe the impact of Tenn. Code Ann. sec. 30-1317↩ (1977) by pointing to other more general provisions of the Tennessee statutes and case law leaves us unimpressed.