# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 1, 2016 Session

## IN RE ESTATE OF LOIS CULP

**Appeal from the Chancery Court for Wayne County**
**No. 2014PR194     Stella L. Hargrove, Judge**

_____

**No. M2015-01421-COA-R3-CV – Filed May 12, 2016**
_____

This case involves the distribution of assets in a testamentary trust. The decedent's will provided for her real property to be left in a trust established for the benefit of her children and grandchildren. After the will was admitted to probate, the trustee filed a petition seeking judicial authorization to sell the property to avoid reoccurring expenses and prevent waste. One of the beneficiaries submitted a response in which he asserted that he and all of the other beneficiaries opposed selling the property. Following a hearing, the trial court entered an order in which it held that the will granted the trustee unrestricted authority to sell the property without judicial authorization if, in her best judgment, doing so would be in the beneficiaries' best interest. The beneficiary appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

David W. Camp, Jackson, Tennessee, for the appellant, Donnie J. Culp.

James Y. Ross, Sr., Waynesboro, Tennessee, for the appellee, Estate of Lois Culp.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be

# I. BACKGROUND AND PROCEDURAL HISTORY

Lois Culp passed away on March 4, 2014 at the age of 78 as a resident of Wayne County, Tennessee. Prior to her death, Ms. Culp executed a will that, in pertinent part, provided for the distribution of her property as follows:

## ITEM III

## DISPOSITION OF TANGIBLE PERSONAL PROPERTY

I bequeath to my children, JACKIE N. HOPE and DONNIE J. CULP, all of my clothing, jewelry, personal effects, automobiles and all of my other tangible personal property (together with any policies of insurance thereon).

## ITEM IV

## BEQUEST

I devise and bequeath all the rest of the property that I own at my death to DIANNE RICH, Trustee, in trust for the following beneficiaries in accordance with the following provisions:

| | |
|---|---|
| Jackie N. Hope | Thirty-three Percent (33%) |
| Donnie J. Culp | Thirty-three Percent (33%) |
| Mahon Clay Culp | Fourteen Percent (14%) |
| Monica Rohr | Six and 67/100 Percent (6.67%) |
| Melanie Lamont | Six and 67/100 Percent (6.67%) |
| Belinda Houston | Six and 66/100 Percent (6.66%) |

. . .

As the child attains the age of twenty-five (25) years, the Trustee shall distribute absolutely to the child one-half (1/2) of the then-existing principal of the child's share. The remainder of the principal of the share shall be retained in trust until the child attains the age of thirty (30) years, at which time the trust shall terminate as to the child and the Trustee shall distribute the balance of the share to the child absolutely. If the child has attained any of such respective

---

designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

ages at the time when a share is to be set apart for the child, the Trustee shall distribute to the child such part or all, as the case may be, of the share (instead of holding the same in trust) as directed to be distributed to the child upon attaining such respective ages.

Dianne Rich, as executor and trustee of the estate and trust, filed a petition to probate the will in the Wayne County Chancery Court on March 13, 2014. On April 24, 2014, Ms. Rich filed a petition seeking judicial authorization to sell Ms. Culp's real and personal property in accordance with the terms of Ms. Culp's will "to avoid reoccurring expenditure and expenses, prevent waste, ensure sufficient funds exist to pay debts and protect the value of the [estate]." A hearing on the petition to sell was scheduled for May 5, 2014. On May 2, 2014, Ms. Culp's son, Donnie J. Culp, filed a response opposing the sale. In the response, Mr. Culp asserted that the beneficiaries unanimously opposed selling the property and therefore requested that the trial court deny Ms. Rich's petition. As attachments to the response, Mr. Culp submitted photocopies of emails from four of the other five beneficiaries evidencing their opposition to the proposed sale.[2] Mr. Culp also filed a motion to continue seeking additional time to prepare for the May 5 hearing.

The trial court denied Mr. Culp's motion to continue and held the hearing on Ms. Rich's petition as scheduled on May 5, 2014. Following the hearing, the trial court entered an order confirming Ms. Rich's authority to sell the estate's property. The trial court noted that Ms. Culp's will expressly authorized Ms. Rich to exercise the powers set forth in Tennessee Code Annotated section 35-50-110 with respect to all property, real and personal, at any time forming a part of the trust or her estate.[3] Accordingly, the trial court held that Ms. Rich was not required to seek judicial authorization prior to selling the property. Nevertheless, it also found that Ms. Rich's desire to sell the property was consistent with her duties as a fiduciary because of her inability to get insurance coverage on the property and the reoccurring expenses associated with maintaining it.

A public auction of Ms. Culp's real and personal property was conducted as scheduled on September 19 and 20, 2014. The personal property sold at auction for $55,307.50; the real property sold for $303,000. Thereafter, Ms. Rich filed a petition to ratify the sales,

---

[2] Emails from Monica Rohr, Belinda Houston, Melanie Lamont, and Mahon Clay Culp were included as attachments to Mr. Culp's response.

[3] Tennessee Code Annotated section 35-50-110 provides a list of fiduciary powers that may be incorporated by reference into an instrument. Among other things, the list includes an unrestricted power to sell all or part of an estate's property without judicial authorization if doing so, in the fiduciary's best judgment, would be in the best interests of the estate's beneficiaries. Tenn. Code Ann. § 35-50-110(6).

which the trial court granted following a hearing on February 26, 2015. On June 25, 2015, the trial court entered an order directing that Ms. Culp's estate be closed upon the distribution of the sale proceeds. Mr. Culp filed a notice of appeal on July 23, 2015.[4]

## II. ISSUE AND STANDARD OF REVIEW

The primary issue Mr. Culp raises on appeal is whether the trial court erred in holding that Ms. Rich was authorized to sell Ms. Culp's real property. Resolving this issue requires us to determine whether the trial court erred in its construction of Ms. Culp's will. The proper construction of a will is question of law. *In re Estate of Snapp*, 233 S.W.3d 288, 291 (Tenn. 2007). We review questions of law de novo with no presumption of correctness accompanying the trial court's conclusions. *In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn. 2005).

## III. DISCUSSION

"In construing a will, the cardinal rule is that the Court must attempt to ascertain the intent of the testator and to give effect to that intent unless prohibited by a rule of law or public policy." *Id*. The testator's intent is to be ascertained, if possible, from the natural meaning of the language used in the will and from the context, scope, and purpose of the instrument. *Id*. Furthermore, the testator's intent is to be ascertained "from the scope and tenor of the entire will." *Harrell v. Harrell*, 321 S.W.3d 508, 512-13 (Tenn. Ct. App. 2010) (citing *In re Estate of Vincent*, 98 S.W.3d 146, 150 (Tenn. 2003)). If possible, every word used by the testator is presumed to have some meaning. *Daugherty v. Daugherty*, 784 S.W.2d 650, 653 (Tenn. 1990).

First, Mr. Culp argues that Ms. Rich lacked the authority to sell the real property because it vested in the beneficiaries immediately at Ms. Culp's death in March 2014. In support of this argument, he relies on Tennessee Code Annotated section 31-2-103, which provides in part that "[t]he real property of a testate decedent vests immediately upon death in the beneficiaries named in the will[.]" While the legislature did not define the term "beneficiaries," as it is used in that section, it is our view that the term refers to beneficiaries of the will, rather than beneficiaries of a trust established by the will. To hold otherwise would preclude an individual from devising real property into a testamentary trust.

---

[4] Following entry of the trial court's June 25, 2015 order, Jackie N. Hope, Mahon Clay Culp, Monica Rohr, Melanie Lamont, and Belinda Houston each filed affidavits declaring that Ms. Rich fully and properly administered the estate and waiving their right to an appeal. Additionally, Ms. Hope and Ms. Lamont testified at a January 5, 2015 hearing that they never had been represented by the attorney purporting to represent the beneficiaries and that they wished for their shares to be distributed and the estate to be closed as soon as possible.

Moreover, it would render the provisions of Ms. Culp's will relating to distribution of the trust assets meaningless. Ms. Culp's will named Ms. Rich, as trustee, to receive her real property. Ms. Rich was therefore the beneficiary named in Ms. Culp's will, and the real property vested in her immediately upon Ms. Culp's death. Mr. Culp's argument on this point is without merit.

Next, Mr. Culp contends that because all of the beneficiaries reached the age of 30 prior to Ms. Culp's death, no trust was created, and the real property was not effectively disposed of by the will. He maintains that the real property should have therefore passed directly to Ms. Culp's heirs through intestate succession. *See* Tenn. Code Ann. § 31-2-101(b) ("Any part of the estate of a decedent not effectively disposed of by the deceased's will passes to the deceased's heirs [as provided in Section 31-2-104]."). Ms. Culp's will directed the trustee to hold the property in trust and distribute one-half of each beneficiary's share to them at age 25 and the remainder at age 30. Trust instruments providing for distribution of assets in this manner are not unusual and, as we have recognized in the past, reflect the settlor's intent to convey assets to an individual while protecting the individual until he or she reaches an age of full maturity. *See First Am. Nat'l Bank v. Cole*, 364 S.W.2d 875, 878 (Tenn. 1963) ("When any daughter . . . has attained the age of 30 years, she is usually regarded as having gained the experience and wisdom of full maturity; and this was doubtless contemplated by the testatrix; for she directed each daughter's share to be paid to her, one-half when she was 25, and the other half when she became 30 years of age."); *see also Lewis v. Bowers*, 392 S.W.2d 819, 822 (Tenn. 1965) (holding that the purpose of a trust for "protection of my said children two of them being of tender years" was intended to protect the testator's children "during their years of inexperience and immaturity"). As Mr. Culp points out, each of the beneficiaries reached the age of 30 prior to the time the trust took effect. The fact that the trust's purpose was accomplished prior to the time the trust took effect does not, however, mean that the property should have passed to Ms. Culp's intestate heirs. Applying that interpretation of the will would result in Ms. Culp's two children, Mr. Culp and Ms. Hope, taking equal shares of the real property to the exclusion of the other named beneficiaries. *See* Tenn. Code Ann. § 31-2-104(b)(1). Such an outcome would defeat the clear intent expressed in Ms. Culp's will to include all of the named beneficiaries in the division of her real property.

The language used in Ms. Culp's will is, in our view, straightforward and reflects Ms. Culp's clear intent to leave any and all property she owned at the time of her death, other than tangible personal property, to Ms. Rich, as trustee, in trust for the benefit of the named beneficiaries until they reached the age of 30. By providing in her will for property to be transferred to an individual as trustee, Ms. Culp effectively created a trust that came into being immediately at her death. *See* Tenn. Code Ann. § 35-15-401(1) ("A trust may be created by . . . [t]he transfer of property to another person as trustee during the settlor's

lifetime or by will or other disposition taking effect upon the settlor's death.").[5] The real property Ms. Culp owned at the time of her death was therefore transferred to the trust. The fact that each of the beneficiaries turned 30 prior to the time the trust took effect did not render the trust nonexistent; rather, it meant only that the trust's purpose had been accomplished. Once a trust's purpose has been accomplished, the trust terminates. *See* Tenn. Code Ann. § 35-15-410 ("[A] trust terminates to the extent . . . no purpose of the trust remains to be achieved[.]"); *see also Atkins v. Marks*, 288 S.W.3d 356, 369 (Tenn. Ct. App. 2008) ("[W]here the primary purpose of the trust is to protect named beneficiaries who have not yet reached a specified age and where, at the time the will takes effect, they have reached that age, the trust ceases because its purposes have been accomplished."). However, the power of the trustee does not end immediately upon termination of a trust. After a trust is terminated, the trustee's power continues as appropriate to complete his or her duties in winding up administration of the trust and distributing the trust's assets in a manner consistent with the trust's terms and the interests of the beneficiaries. Tenn. Code Ann. § 35-15-816(b)(26); *see also* RESTATEMENT (SECOND) OF TRUSTS § 344 (1959) ("The powers and duties of the trustee in the winding up of the trust are similar to the powers and duties of the trustee in administering the trust[.]").

Several methods are available to a trustee tasked with distributing real property to multiple beneficiaries. The trustee may distribute the property by (1) transferring the property to the beneficiaries as tenants in common, (2) dividing the property into several parts and transferring the parts in kind to each of the several beneficiaries, or (3) selling the property and dividing the proceeds among the beneficiaries. *See* RESTATEMENT (THIRD) OF TRUSTS § 89 cmt. e(2). The proper method of distribution depends on the terms of the trust. Except to the extent that it is limited by the terms of the trust, a trustee may exercise all power over trust property that an unmarried, competent owner would have over individually owned property. Tenn. Code Ann. § 35-15-815(2)(A). The trustee therefore has broad discretion in choosing a method of distribution that is fair and reasonable under the circumstances unless the terms of the trust specify otherwise. In this case, Ms. Culp's will did not impose any such limitation on Ms. Rich's discretion in choosing a method of distributing the trust assets. In fact, by incorporating the powers set forth in Tennessee Code Annotated section 35-50-110, Ms. Culp's will expressly authorized Ms. Rich to sell the

---

[5] In 2004, the Tennessee General Assembly adopted a comprehensive code to govern trusts–the Tennessee Uniform Trust Code. Tenn. Code Ann. §§ 35-15-101 to 35-15-1206 (2015). The Tennessee Uniform Trust Code applies to all trusts created before, on, or after July 1, 2004, Tenn. Code Ann. § 35-15-1103(a)(1), and all judicial proceedings concerning trusts commenced on or after July 1, 2004. Tenn. Code Ann. § 35-15-1103(a)(2). The Tennessee common law of trusts and principals of equity continue to supplement the Tennessee Uniform Trust Code. Tenn. Code Ann. § 35-15-106(a).

property if, in her best judgment, doing so would be in the best interests of the beneficiaries.[6] We therefore agree with the trial court that Ms. Rich was authorized as trustee to sell the real property without first seeking judicial authorization. Moreover, even if Ms. Culp's will had restricted Ms. Rich's authority to sell the real property, a trial court can modify the terms of a trust if it finds that continuation of the trust on its existing terms would be impractical or wasteful. Tenn. Code Ann. § 35-15-412(b). Here, based on the evidence presented at the May 5, 2014 hearing, the trial court found that converting the estate's property into cash was necessary to prevent waste and protect the value of the estate. Mr. Culp has filed no transcript or statement of the evidence from which we can determine whether the evidence preponderates for or against the trial court's findings. In the absence of a transcript or statement of the evidence, we must conclusively presume that the trial court's findings are supported by the evidence and are correct. *In re M.L.D.*, 182 S.W.3d 890, 894-95 (Tenn. Ct. App. 2005) (noting that appellants have the burden to demonstrate on appeal that the evidence preponderates against the judgment of the trial court). Thus, even if the trust had not allowed distribution by selling the trust assets and dividing the proceeds, Ms. Rich had judicial authorization to do so in light of the trial court's findings.

Ms. Rich contends that this Court should award her damages because this appeal is frivolous. Tennessee Code Annotated section 27-1-122 (2000) empowers appellate courts to award damages against parties whose appeals are frivolous or brought solely for delay. Imposing a penalty for a frivolous appeal is a remedy that is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless it is clearly applicable, which is rare. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010). Although we have not decided the issues before us in Mr. Culp's favor, we are not persuaded that this appeal is frivolous or taken solely for delay. We therefore decline to impose such a penalty in this case.

---

[6] In pertinent part, Tennessee Code Annotated section 35-50-110 provides:

> Without diminution or restriction of the powers vested in the fiduciary by law, or elsewhere in the instrument, and subject to all other provisions of the instrument, the fiduciary, without the necessity of procuring any judicial authorization, or approval, shall be vested with, and in the application of the fiduciary's best judgment and discretion in behalf of the beneficiaries of the instrument shall be authorized to exercise, the powers specifically enumerated in this section:
>
> . . .
>
> (6) By public or private sale or sales, and for the consideration, on the terms and subject to the conditions, if any, that in the judgment of the fiduciary are for the best interests of the estate and the beneficiaries of the estate, to sell, assign, transfer, convey, or exchange any real or personal property of the estate. . . ;

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court and remand this case for such further proceedings as may be necessary and are consistent with this Opinion. The costs of this appeal are taxed against the Appellant, Donnie J. Culp, and his surety, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE